JONATHAN W. FREEMAN, Appellant, *v.* THOMAS AULD, impleaded, with others, Respondent.

One who holds real estate under a deed which, by its terms, is subject to a prior mortgage, is estopped from questioning the consideration or validity of that mortgage.

As against such a grantee, an assignee of the mortgage can enforce it as a lien to the full amount expressed therein, although he purchased it with full knowledge that but one-half of that sum was actually loaned thereon, and himself paid to the mortgagee the like sum only as consideration for the assignment.

As to the balance of the amount secured by the mortgage, over and above the sum actually loaned or paid for the assignment, the assignee may be deemed a trustee for the mortgagor, who is entitled to it as unpaid purchase-money; but the grantee has no interest in the equities existing between them.

A having given to B a mortgage of lands, conditioned for the payment of $4,000, to secure $2,000 then loaned, and in contemplation of a further loan of $2,000 to be thereafter made, but which last $2,000 was never in fact received by A, conveyed the premises subject to the mortgage, and by divers subsequent conveyances, each expressly subject to

the mortgage, the same came to the defendant. The plaintiff, who was a creditor of A, purchased the mortgage with full knowledge of the facts, paying to B the $2,000 actually loaned, and giving A credit for the balance of the $4,000 secured. In an action to foreclose,—*Held* (overruling same case on appeal from the judgment rendered on a former trial, reported 37 Barb., 587), that the mortgage was a lien upon the premises for the entire sum of $4,000, and the plaintiff had a right to foreclose it for that amount.

(Argued September 22d; decided December 27th, 1870.)

APPEAL from a judgment entered upon the order of the General Term of the Supreme Court in the first district, affirming a judgment in favor of the plaintiff, decreeing foreclosure of the mortgage as a lien to the amount of $2,000 and interest only.

In February, 1859, the defendants, Allen and Stevens, executed and delivered to the Home Insurance Company a mortgage, the object of which, as expressed in it, was to secure to that company the payment of the sum of $4,000 and interest on the 1st day of January following. The company advanced upon it $2,000, and no more. In March, 1859, Allen and Stevens conveyed their equity of redemption in the mortgaged premises to one Buckley, for a consideration expressed in their deed, from which this $4,000 was deducted. The conveyance was made subject to payment of the mortgage, and Buckley covenanted to pay it. In April Buckley conveyed the premises to one Coyle, who, in July following, conveyed the same to the defendant, Auld. Each conveyance was made subject to the payment of this same mortgage, and from the consideration agreed to be paid by each grantee the sum of $4,000 was deducted. In December following, Allen and Stevens, being indebted to the plaintiff, and in pursuance of an agreement made with him, procured the Home Insurance Company to assign the mortgage to him, for which he paid to that company $2,000, and credited Allen and Stevens with $2,140, being the balance of the $4,000 specified in the mortgage, with the accumulated interest thereon. The defendant, Auld, tendered to the plaintiff a sum sufficient to pay the amount advanced by the Home

Insurance Company. The plaintiff declined to receive it, and brought his action for the foreclosure of the mortgage, claiming the full sum of $4,000, and the unpaid interest, and recovered the judgment demanded by him, which, upon appeal to the General Term of the first district, was reversed. (Reported 37 Barb., 587.) Upon a second trial a recovery was had for the $2,000, the sum advanced by the insurance company, with costs to the defendant, which, upon appeal to the General Term in the same district, was affirmed. The plaintiff appeals to this court.

*John H. Reynolds,* for the appellant, on the point that the mortgagors had a lien upon the land for $4,000 of unpaid purchase-money, which the mortgage represented, so far as their grantee was concerned, cited Willard's Real Est., 114, 5 ; Sugden V. & P., 857 ; *Garson* v. *Green* (1 John. Ch., 308) ; *Clark* v. *Hall* (7 Paige, 382) ; *Hallock* v. *Smith* (3 Barb., 267) ; *Watson* v. *Le Row* (6 Barb., 484) ; *Champion* v. *Brown* (6 John. Ch., 402). That this lien also existed as against the subsequent purchasers, he cited *Hallock* v. *Smith, supra ; Mackwrath* v. *Symons* (15 Ves., 329) ; Leading Cases in Eq., 233, note.

*E. M. Harrison,* for the respondent.

GRAY, C. The transactions which gave rise to this controversy are, in substance, these : Allen and Stevens made their mortgage to the Home Insurance Company for $4,000, from whom they received $2,000 only.

They, nevertheless, provided the means with which to pay to the company the full sum of $4,000, and placed it in Buckley's possession for that purpose. Buckley transferred the same means to Coyle, who transferred it to the defendant, Auld, for the same purpose ; and now, because Allen and Stevens did not receive from the insurance company the full sum specified in the mortgage, and were not benefited to its full amount until they received, on account of it, credit upon their

indebtedness to the plaintiff, since Auld became possessed of
the means appropriated to its payment, he has seen fit to inter-
meddle with matters that did not concern him; and instead
of paying the full amount of the mortgage, in accordance
with the wishes of Allen and Stevens, out of the means pro-
vided by them, or allowing it to be appropriated to that pur-
pose, he has tendered the $2,000 advanced by the insurance
company, and refuses to pay the balance or allow the means
in his possession to be appropriated to its payment, and volun-
teers the objection that the mortgage is not a valid lien
beyond the sum advanced by the company. Suppose it is
not, that is not a matter that concerns him. His situation is
no better than one who takes title to lands subject to the pay-
ment of an usurious mortgage, which by statute is absolutely
void: The purchaser taking title subject to it is estopped
from questioning its validity, and must pay it if he has
agreed to; and if not, he must allow the lands conveyed
subject to it, to be applied to its payment. (*Sands* v.
*Church and others*, 6 N. Y., 347; *Murray* v. *Judson and
Sands*, 9 N. Y., 73; *Hartley* v. *Harrison*, 24 N. Y., 170.)

Numerous other cases in the courts of this State prior as
well as subsequent to those referred to, might be cited in sup-
port of this proposition. Allen and Stevens had the right,
which no purchaser from them had the right to gainsay, to
pay or provide for the payment of the full amount specified
in this mortgage. The provision here made for its payment
was not for the benefit of Buckley, or Coyle, or Auld. Each
of them was a stranger to it. Neither of them had any legal
interest in it.

In considering the defence of usury to a mortgage, for the
payment of which a provision had been made similar to the
one now under consideration, BRONSON, Ch. J., in *Dix* v.
*Van Wyck* (2 Hill, 522), remarked that "a mere stranger or
one who has no legal interest in the question shall not offi-
ciously intermeddle in the matter and take advantage of a
statute *not intended for his benefit*." Auld took pains to
prove on the trial that he knew before he purchased the pre-

mises, subject to the payment of the sum specified in this
mortgage, that the insurance company had advanced only
$2,000 upon it. If, knowing that fact, he purchased it with
a view of making the defence interposed by him and to avoid
the payment of the excess, it neither aids his defence nor
redounds to his credit. His position, in principle, is in no
respect different from what it would have been had Allen
and Stevens counted out in cash the sum specified in the
mortgage and placed it in the hands of Buckley as their mes-
senger, with directions to pay it to the company, and he had
placed it in the hands of Coyle, by whom it had been deliv-
ered to Auld, with the same directions and, instead of paying
it, he had tendered the $2,000 originally advanced to them
upon the mortgage, and by way of defence, as to the balance,
had come into court and admitted that Allen and Stevens
had furnished him with funds with which to pay the balance,
and had since received from the plaintiff, who owned the
mortgage, the excess over the $2,000, and that they wished
him to pay over their funds in his hands in satisfaction of
it, and had nevertheless proposed to prove that the mortgage
was not a valid security for the payment of that excess.
With all these concessions preceding his offer it would, doubt-
less, have been overruled. The defence which prevailed on
the trial, and which has been sustained by the General
Term, sustains in principle such a proposition, and cannot be
upheld. The judgments of the General and Special Term
must therefore be reversed and a new trial ordered.

HUNT, C. The premises conveyed to the defendant were,
in terms, made subject to the payment of a mortgage of
$4,000 to the Home Insurance Company. The amount of
$4,000 as represented by this mortgage, was deducted from
the purchase-money to be paid by the defendant. In making
the first conveyance, Allen and Stevens, the original owners
and the mortgagors, deducted the sum of $4,000, as repre-
sented by this mortgage, which mortgage was declared to be
a lien on the premises, and was expressly agreed to be paid

by their immediate grantees. The plaintiff by assignment has succeeded to their rights. The purchase by the defendant was made with a full knowledge of all the facts in the case. To allow the defendant to hold these premises upon paying the sum of $2,000 only, as the price of their release from the mortgage, would be putting into his pocket $2,000 of the plaintiffs' money, or the money of Allen and Stevens, without a pretence of right. The original grantors would lose $2,000, expressly agreed to be paid by the defendants' grantors, which sum the defendant would unjustly obtain. This result would subject the law to a scandal, to which it is not justly liable.

The premises were purchased by the defendant, and conveyed to him "subject, nevertheless, to certain mortgages now a lien on said premises; one made to the Home Insurance Company, to secure the sum of $4,000, with interest, and the other made to Ira A. Allen to secure the sum of $1,000." In receiving his conveyance upon these terms, the defendant admitted and agreed, that this $4,000 mortgage was a lien upon the premises. He cannot now deny it. If the conveyance had contained the further words, "which the said grantee hereby assumes and promises to pay," a personal liability would also have existed, by which he could have been compelled actually to pay the mortgage, although the deed was not signed by him. (*Lawrence* v. *Fox*, 20 N. Y., 268; *Ricard* v. *Sanderson*, 41 N. Y. R., 179.)

Such a clause would, however, have no greater effect in subjecting the premises, than is imposed by the clause as it stands. This subjecting of the premises is a mode of payment. Four thousand dollars of the purchase-money, it is agreed, shall be paid to the party holding this mortgage, and to the full amount of its face. The mortgage is by the new agreement made a lien to its face, and its payment in full is to be in discharge of a like amount of the purchase-money.

Two objections are mainly relied upon as justifying the judgment below: 1st. That the insurance company advanced only the sum of $2,000; that they could have enforced the mortgage for no greater amount against Allen and Stevens,

and that they could transfer to their assignee no greater rights than they possessed, 2d. That if Allen and Stevens, or the insurance company as their trustee, could have recovered the whole amount, that it was as a lien or equitable claim, and that the simple transfer of the mortgage did not carry with it such lien or claim.

1st. I look upon the insurance company as holding this mortgage in a double capacity, as owners to one-half of the amount, and as trustees for Allen and Stevens for the residue. The latter wished to impose a mortgage of $4,000 upon the lot. The insurance company did not wish to advance the whole amount, and the mortgagees were willing to accept a reduced amount, allowing the mortgage to stand for its face. It is quite true, that in a controversy between the mortgagees and the company, the latter could not have compelled the payment of the full amount. It is equally true, that where there is no such controversy, where the makers desire it to be enforced to its nominal amount, where the holders of the property have consented and agreed that it should be so enforced, and have had a deduction of $2,000 from their purchase-money based upon the payment by them, or the subjecting the premises to the full amount of the mortgage, that the payment in full should be enforced. The insurance company may collect the full sum. They hold it for their own benefit to the amount advanced by them, as trustees for Allen and Stevens for the amount not advanced. (*Parish* v. *Wheeler*, 22 N. Y. R., 511, 515.) This is precisely what the defendant agreed should be the state and liability of the premises. It is an agreement made by each of his previous grantees, and which it would greatly injure the grantors to allow them now to repudiate. Upon the principle I have laid down, exact and equal justice to all, is measured out. It may also be likened to a lien for unpaid purchase-money, which will be enforced against the vendee, volunteers, and all claiming under him with notice, although the deed contains a formal acknowledgment of the payment of the money. (*Stafford* v. *Van Rensselaer*, 9 Cow., 316.)

The second objection has no merit. It is a general rule in regard to contracts, that the assignment of the principal subject carries with it all the collaterals. Thus the assignment of a bond carries with it the mortgage to which it is collateral. (*Jackson* v. *Blodgett*, 5 Cowen, 202.) So the assignment of a judgment for a debt carries the debt, and if the latter be secured by a mortgage, it carries the mortgage interest. If the assignment be only of a part of the judgment, it carries a corresponding interest in the mortgage, and it cannot be shown by parol that it was intended that the mortgage should not pass. (*Pattison* v. *Hull*, 9 Cow., 747.) This is true also in the case of a chattel mortgage, and whether the assignment is made before or after forfeiture. (*Langdon* v. *Buel*, 9 Wend., 80.)

So where a party advanced $5,000 to a bank, receiving a time draft, which was discounted for the holder by another bank. In an action by the latter bank against the former it was held, that the draft was illegal, and no action could be maintained upon it. It was further held, that the party receiving it might maintain an action for money had and received against the bank issuing it, and that this right of action passed to the latter bank by the transfer to it of the invalid draft. (*The Oneida Bank* v. *Ontario Bank*, 21 N. Y. R., 490.) See also *Tracy* v. *Talmadge* (14 N. Y. R., 192), where the transfer of certain invalid post notes was held also to transfer the consideration upon which they were issued, and to allow the transferee to recover its amount.

In White and Todd's Leading Cases in Equity (65 Law Library, 245), in regard to a vendor's lien for the unpaid purchase-money, it is laid down as the settled law, that if the debt is secured by an express lien, as a mortgage, or an agreement for a lien which creates an equitable mortgage, or where the vendor has not parted with the legal title, an assignment of the debt entitles the assignee to the benefit of the pledge.

Considered either as a lien or as an express security, the formal title in the mortgage to its nominal amount passed to

*7lo 77*          Statement of case.

the plaintiff. The judgment should have directed the collection of the full amount of $4,000 and interest.

For reversal, GRAY, HUNT, LEONARD and EARL, C. C. For affirmance, LOTT, Ch. C.

. Judgment reversed, with costs, and judgment of foreclosure for the sum of $4,000 and interest from July 1st, 1859, with costs, ordered for the plaintiff.