The People ex rel. William A. Welch, Appellant, v. Eugene A. Nash, County Clerk, etc., Respondent.

The board of supervisors of a county has no power to change the method of indexing deeds and mortgages prescribed by statute (chap. 199, Laws of 1843), or to transfer the duty or power of making the indices from the county clerk to another person, or to interfere with the custody of the records, vested by law (1 R. S., 375, § 52) in the county clerk, by authorizing another to use the records for the purpose of making indices.

Accordingly, *held*, where the board of supervisors of C. county, by resolution, authorized relator, then county clerk, to re-index the record of mortgages, etc., that an application for a mandamus to compel defendant, the relator's successor in office, to allow the relator the use of the records for that purpose, was properly denied; that when relator ceased to be county clerk the duty of making indices, if necessary, devolved upon his successor.

(Argued June 15, 1875; decided September 21, 1875.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, affirming an order of Special Term denying an application on the part of relator for a writ of mandamus.

The board of supervisors of Cattaraugus county, at its annual session in November, 1873, passed a resolution author-

1875.]　　PEOPLE ex rel. WELCH v. NASH.　　485

Statement of case.

izing relator, who was then county clerk, to re-index all the recorded mortgages and miscellaneous records in his office upon a new plan, at a specified compensation. The relator's term of office expired on December 31st, 1873, and defendant succeeded him in the office. The relator, before the expiration of his term, had procured the necessary books, and after defendant entered upon the duties of the office, demanded of him the use of the office and of the records for the purpose of prosecuting the work. This defendant refused. The relator thereupon made this application for a writ of mandamus to compel defendant to allow him the use of the records for such purpose.

*D. H. Bolles* for the appellant. The board of supervisors had power to contract for the re-indexing. (§ 53, art. 4, tit. 2, chap. 12, pt. 1, R. S.; Laws 1843, chap. 199; Laws 1838, chap. 314, sub. 3, § 1; *Bright* v. *Suprs. Chenango*, 18 J. R., 242; *People* v. *Stoul*, 23 Barb., 349; Laws 1865, chap. 479, § 2; *Burnham* v. *Acton*, 35 How., 48; *Batz* v. *Mayor, etc.*, id., 130; *Healey* v. *Dudlee*, 5 Lans., 115; *Calking* v. *Baldwin*, 4 Wend., 668; *In re Debaucene*, 31 How., 337; § 3, art. 1, tit. 2, chap. 12, pt. 1, R. S.; *People* v. *Suprs. of Dutchess*, 24 Wend., 180; *Boggs* v. *Caldwell Co.*, 28 Minn., 586; *McClosky* v. *Cromwell*, 1 Kern., 593; *Beebe* v. *Griffing*, 14 N. Y., 235; *Johnson* v. *Berwell*, 2 Hill, 239; *Berley* v. *Rampacher*, 5 Duer, 183; *Main* v. *Green*, 32 Barb., 448; *Calkins* v. *Calkins*, 3 id., 305; *Sayer* v. *Wisner*, 8 Wend., 661.) Welch was an entirely competent person for the board to contract with. (*Williams* v. *People*, 24 N. Y., 405.) Defendant has no right to interfere. (§ 61, art. 2, tit. 2, chap. 3, pt. 3, R. S.; *People* v. *Cunningham*, 1 Den., 524; *Wetmore* v. *Story*, 22 Barb., 414; *Mastertin* v. *Short*, 35 How., 169; *Harlen* v. *Huniston*, 6 Cow., 189.) The relator was entitled to a mandamus. (*Strong* v. *Campbell*, 11 Barb., 135; *People* v. *Throop*, 12 Wend., 183; *People* v. *Mott*, 1 How., 247; *People* v. *Miner*, 37 Barb., 466; *People* v. *Steele*, 2 id., 397; *Richmond* v. *Pacific*, 5 id., 280.)

*S. S. Spring* for the respondent. The board of supervisors has no authority to act, except in cases where it is empowered by statute. (*Chemung Canal Bk.* v. *Suprs. Chemung*, 5 Den., 517; *People* v. *Lawrence*, 6 Hill, 244; *People* v. *Suprs. Cortland*, 58 Barb., 139.)

RAPALLO, J. The order in this case should be affirmed, for the reason, not only that the mandamus applied for would be an unlawful interference with the custody of the books and records vested by law in the county clerk (1 R. S., 375, § 52), but that the subject of indexing such books is regulated by the statute (Laws of 1843, chap. 199), which prescribes the manner in which the indices shall be made, devolves the duty of making them upon the county clerk, and provides for his compensation for so doing. The board of supervisors had no power to change the method of indexing prescribed by statute, nor to transfer the duty or power of making the indices from the county clerk to any other person. When the relator ceased to be county clerk the duty of making indices, when necessary, devolved upon his successor in office, and became one of his official duties.

The order should be affirmed, with costs.

All concur.

Order affirmed.