SOLOMON WILE, Appellant, v. JOHN H. WILSON, Respondent.

Plaintiff having entered into a contract with the board of supervisors of M. county to reindex the county records, which work he had partly performed, agreed with defendant, who was county clerk, that he would release all right and claim under the contract, in consideration whereof defendant agreed that if the contract for the work was let to him he would pay plaintiff ten per cent of what he received therefor. Plaintiff performed on his part; defendant obtained the contract and completed the work. In an action to recover the percentage so agreed to be paid, *held*, that there was a good consideration for defendant's agreement; that conceding plaintiff's contract with the board was *ultra vires*, its invalidity did not arise from want of power in the board to contract for the work, but from the fact that the clerk had the exclusive right to do it, and as the question of its validity had not been raised between the parties, and the release removed an obstruction in the way of defendant, the invalidity did not prevent plaintiff's release from operating as a consideration; also, that the contract was not, on its face, invalid as against public policy.

(Argued June 14, 1883; decided October 2, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 24, 1881, which reversed a judgment in favor of plaintiff, entered upon a verdict, and directed a judgment for plaintiff.

This action was brought upon a contract, of which the following is a copy.

" In the event of the contract for the reindexing of the county records being let to me by the board of supervisors, I hereby agree to pay the sum of ten per cent of any and all compensation I may receive for the fulfillment of said contract, to Solomon Wile, as a further consideration for his releasing whatever interest, claim or demand he may have, based on a contract now held by him for the same work and to that effect, after payment to him by the board for all work already done on the same.

This 15th day of December, 1874.

JOHN H. WILSON."

Prior to the execution of said agreement plaintiff had entered into a contract with the board of supervisors of Monroe county for doing the work specified, and had partially performed the same. In pursuance of the agreement in question plaintiff settled with the board for the work done, and executed a release of all claims under his contract with it, and a contract to finish the work was entered into between the board and defendant, which the latter performed and received the stipulated compensation therefor.

Further facts appear in the opinion.

*J. A. Stull* for respondent.    Even if invalid when made the contract was, at its date, an executed contract, so far as Mr. Wile was concerned, and the courts will not interfere with it. (*Welch* v. *Nash*, 3 Hun, 535 ; *Green* v. *Godfrey*, 44 Me. 25 ; *Andrews* v. *Marshall*, 48 id. 26 ; *Bragg* v. *Jerome*, 7 Mich. 145 ; *Bailey* v. *Milner*, 35 Ga. 330 ; *Judah* v. *Trustees, etc.*, 16 Ind. 56 ; *Smead* v. *Williamson*, 16 B. Monroe [Ky.], 492 ; *Kate* v. *Reiss*, 12 La. Ann. 166 ; *Pepper* v. *Haight*, 20 Barb. 429, 437–8 ; *Morgan* v. *Groff*, 4 id. 526.)    There was a sufficient consideration for the defendant's promise in this case. (*Costar* v. *Brush*, 25 Wend. 628, 633 ; *Earl of March* v. *Pigott*, 5 Burr. 202 ; *Perkins* v. *Bamford*, 3 N. H. 522 ;

*Barnum* v. *Barnum,* 8 Conn. 469; *Russell* v. *Cook,* 3 Hill, 504; *Stewart* v. *Ahrenfeldt,* 4 Denio, 189; *O'Keson* v. *Barclay,* 2 Penn. 531; *Taylor* v. *Patrick,* 1 Bibb, 168; *Fisher* v. *May's Heirs,* 2 id. 448.) The law will not presume a contract illegal as against public policy, and so void, when it is capable of a construction which will make it lawful and valid. (*Curtis* v. *Gokey,* 68 N. Y. 304; *Ormes* v. *Dauchey,* 82 id. 443; *Wellington* v. *Kelley,* 84 id. 543; *Brown* v. *Brown,* 34 Barb. 535; *Southard* v. *Boyd,* 51 N. Y. 177; *Lyons* v. *Mitchell,* 36 id. 235; *Cummins' Trustees* v. *Barkalow,* 4 Keyes, 514; *S. C.,* 1 Abb. Dec. 479; *Costar* v. *Brush,* 25 Wend. 628.)

*William F. Cogswell* for respondent. The contract between Wile and Wilson was void for want of consideration. (Laws of 1843, chap. 199; Laws of 1869, chap. 855, § 7.) The forbearance to assert a claim under a void agreement is not a sufficient consideration to support a contract. (Story on Contracts § 443; *Sherman* v. *Barnard,* 19 Barb. 291.) The contract is against public policy and void. (*Harris* v. *Roof's Ex'rs,* 10 Barb. 489; *Brown* v. *Brown,* 34 id. 535; *Gray* v. *Hook,* 4 Comst. 449; *Woodworth* v. *Bennett,* 43 N. Y. 273.)

ANDREWS, J. We think the execution by the plaintiff to the county of Monroe, at the request of the defendant, of a release of all right or claim under the contract between the plaintiff and the county for the unexecuted work embraced in the contract for indexing the records, was a good consideration for the agreement of the defendant upon which the action is brought, conceding that the contract between the plaintiff and the county is controlled by the decision in *People, ex rel. Welch,* v. *Nash* (62 N. Y. 484) and was *ultra vires.* The invalidity of the contract did not arise from absence of power in the board of supervisors to contract for the indexing of the records, but from the exclusive right of the clerk of the county, under the statute as construed, to perform the service in case the work should be authorized. So far as appears, no

question had been raised as to the validity of the contract between the plaintiff and the county when the contract between the plaintiff and defendant was made. The plaintiff, at that time, had partly prepared the indexes, but some difficulty had arisen between him and the committee of the board of supervisors in respect to the manner in which the work had been performed. The defendant was clerk of the county and desired to obtain a contract to complete the work. The situation made it important for him, in order to secure a contract for himself, to have the contract with the plaintiff out of the way. The board of supervisors were not bound to enter into any contract for indexing the records, and the defendant may have reasonably supposed that until the plaintiff's contract was can- celed, or its invalidity finally determined, the supervisors would not enter into a new contract for the same service. Under these circumstances he induced the plaintiff to voluntarily cancel and release his contract upon the promise to pay him a percentage of the compensation he might receive in the event of his obtaining a new contract for the work. The execution of the release was an affirmative act on the part of the plaintiff, done at the request and for the benefit of the defendant. The question of the validity of the plaintiff's contract, as we have said, had not been raised between the parties; nor, so far as it appears, had it then been adjudicated. The release removed an obstruction in the defendant's path, and because he can now say, in the light of subsequent adjudications, that the plaintiff's contract was invalid, it does not prevent the plaintiff's act, performed at his request, from operating as a consideration for the contract in question.

The point that the contract is void as against public policy, depends upon conflicting evidence. On its face it discloses no illegality, and the charge of the judge that it was a contract which the parties had a right to make, related, as the context shows, to the contract evidenced by the written instrument. The exception to the charge does not raise the point that, upon the defendant's evidence, the agreement was against public policy.

We are of opinion, therefore, that the judgment of the General Term should be reversed, and the judgment rendered on the verdict should be affirmed.

All concur.

Judgment accordingly.