(12 Misc. Rep. 593.)

## COFFIN v. LEECH et al.

(Supreme Court, Special Term, New York County. May, 1895.)

CONTRIBUTION—ENFORCEMENT—LIEN.

> A testator devised his real estate, subject to a mortgage, and his personal property, equally, to his four children, subject to a life estate in his wife. The executors paid the mortgage, during the life estate, out of the personal property. One of the devisees became bankrupt, and his interest in the realty, subject to its proportional share of the mortgage, and his share of the personalty were conveyed to different individuals. On the accounting by the executor, the objection of the transferee of the bankrupt's share of the personalty to the allowance, as to him, of the payment of the mortgage by the executor was sustained. *Held,* that the bankrupt's share of the realty was subject, in the hands of the grantee thereof, to a lien in favor of the other devisees for its proportionate part of the mortgage debt.

Action by Julia M. Coffin against William E. Leech and others to enforce contribution in payment of the mortgage. Judgment for plaintiff.

Ronald K. Brown, for plaintiff.

Guggenheimer, Untermyer & Marshall, for defendant Harding.

Horace Greaves, guardian ad litem for defendant Clarence J. Bucknam.

James W. Hyde, guardian ad litem for defendant Ida I. Bucknam.

BEEKMAN, J. Ezra Bucknam died seised of an undivided half of the premises in question, leaving a will under which he devised said property for the life of his wife, with directions to his executors to divide the same, upon her decease, among his four children, Julia Ann Coffin, William H. Bucknam, Elmira J. Bucknam, and Helen R. Viele, with the proviso that, if either should have departed this life without leaving issue, the share of the one so dying should belong to the survivor or survivors of them. The testator appointed his wife and his son-in-law Francis A. Coffin, Samuel Leech, and Hiram V. Mason the executors of his will. The first two alone qualified. At the time of testator's decease the property in question was subject to a mortgage for $27,500, made by him and his co-tenant, Samuel Leech, to secure their joint and several bond for that

amount. As the will contained no provision requiring this mortgage to be paid out of the personal estate, the burden of discharging it rested upon the devisees. 1 Rev. St. p. 749, § 4. The mortgage having matured, and a call having been made for its payment, the executors on March 18, 1876, paid the sum of $7,500 on account thereof, and on September 18, 1885, again paid a further sum of $6,250 on account, and, the owner of the other undivided half of said premises having paid his proportion, the mortgage was thereupon discharged. When the first payment was made, all of the children of Ezra Bucknam were living; but in the year 1881 his daughter Elmira died intestate, leaving, her surviving, her husband (who has since deceased) and the defendants Jane E. Bucknam and Clarence J. Bucknam, her only children and heirs at law. The money which the executors appropriated for the payment of the mortgage in question was taken by them from the personal estate of the testator, which was subject to a trust during the lifetime of his widow, but upon her death was to be divided among his four children, under precisely the same limitations and subject to the same contingency which affected the devise of the real estate in question. While, technically, the appropriation of this money for such a purpose was without legal sanction, yet in view of the fact that the ultimate destination of the real and personal estate was to be the same, no question would have arisen in regard to this misapplication, if it may be so called, had it not been for the fact that one of the devisees, William H. Bucknam, was adjudicated a bankrupt on the 4th day of January, 1873, and all his estate, real and personal, was transferred to an assignee appointed in that proceeding. On or about the 15th day of June, 1876, his assignee sold and conveyed to one William Paulding for the expressed consideration of $310, "all the right, title, and interest which the said William H. Bucknam had on the 4th day of January, 1873, in and to all that certain real estate, situated on South street, in the city of New York, and known as No. 245 on said street, and described as follows: [describing the premises in question], subject to a mortgage of twenty-seven thousand five hundred ($27,500) dollars, taxes, assessments and all other valid liens." At the same time, and as a part of the same sale, and upon the same consideration, the said assignee also transferred to Paulding all the right, title, and interest, whatsoever, of the bankrupt in the personal estate under the last will and testament of Ezra Bucknam, deceased. It will be observed that this sale took place a few months after the first payment of $7,500 made by the executors on account of the mortgage debt. By a deed bearing even date with the above conveyance, William H. Bucknam and wife released and quitclaimed the premises to William Paulding. On the 30th day of June, 1876, William Paulding and wife conveyed all their right, title, and interest in and to the premises in question to Henry C. Harding, described in the deed as trustee for Ella H. Bucknam, "subject to a mortgage of twenty-seven thousand five hundred ($27,500) dollars, and to taxes, assessments, and all other valid liens, being the right, title, and interest in and to the real estate described and conveyed to the party of the first part in an

instrument of deed and assignment from John J. Thomasson, of the city, county, and state of New York, assignee of William H. Bucknam, bearing date the 15th day of June, one thousand eight hundred and seventy-six." The conveyance so made was, in terms, upon a trust to collect the rents and apply the same to the use of the said Ella H. Bucknam during her life, and after her death to convey the same to the defendant Ida I. Bucknam, the daughter of the said Ella H. Bucknam. On August 8, 1887, William Paulding assigned to Theodore P. Austin all the right, title, and interest in the personal estate of Ezra Bucknam which he had obtained under the deed from the assignee. It is this separation of interests in the real and personal estate, respectively, which had vested in William H. Bucknam under the will, that has occasioned the controversy in this action. On the 18th day of January, 1891, Jane Bucknam, the widow of the testator, died, and the estate, real and personal, so bequeathed and devised, became subject to distribution and division. On April 15, 1891, Francis A. Coffin, the sole surviving executor, filed his account in the surrogate's office, which account showed, among other things, the two payments which had been made on account of the mortgage, aggregating the sum of $13,750. Upon this accounting, Theodore P. Austin, the assignee of William H. Bucknam's interest in the personal estate, contested these payments, claiming that they were unauthorized, and, as to him, at least, should be disallowed. His contention was sustained, and a decree was made and entered in the surrogate's court whereby a distribution was ordered on the basis of an award to Austin of one-fourth of the personal estate, including the sum of $13,750, the balance being divided among the remaining children and the representatives of the deceased child, according to their respective interests under the will.

It thus appears that the whole amount of the mortgage was paid by the devisees other than William H. Bucknam and his grantees, and the one undivided fourth part of the property derived from him was discharged of that portion of the burden which in justice and equity it should have borne. The payment made by the executors has, by virtue of their acts and the decree of the surrogate, become a payment made by the other cotenants, and under the rule which enforces contribution between cotenants where one or more have expended money in reference to the common property which should be shared by all, the undivided interest of William H. Bucknam, now held by the defendant Harding as trustee, is subject to a charge, in favor of the others, whose money has been so appropriated, equal to the proportion of the mortgage debt with which such share was originally charged. It is a well-settled principle that, where a claim for contribution arises a lien may be declared upon the undivided shares of the cotenants against whom such claim exists as security for the discharge of the same. 3 Pom. Eq. Jur. § 1240; Story, Eq. Jur. (13th Ed.) § 1236. The jurisdiction of a court of equity in such a case as this is broad enough to include every power necessary to adjust the rights of parties according to the demands of justice. This principle is clearly recognized in

Story's Equity Jurisprudence (13th Ed., § 656b), where the author says:

"For in all cases of partition a court of equity does not act merely in a ministerial character, and in obedience to the call of the parties who have a right to the partition, but it founds itself upon its general jurisdiction as a court of equity, and administers its relief ex æquo et bono, according to its own notions of general justice and equity between the parties."

In the present case there can be no difficulty in applying a remedy which shall relieve the cotenants, who have paid more than their share of this mortgage, without subjecting those claiming in right of William H. Bucknam to any injustice. The conveyance, which was made by Paulding to the defendant Harding, as trustee, was made, in express terms, subject to the mortgage, and it is plain from the amount of the consideration specified in the deed that the amount paid was less by reason of the incumbrance. The payment of the mortgage subsequently, in a certain sense, enlarged the estate of the trustee (Everson v. McMullen, 113 N. Y. 293, 21 N. E. 52), and to the extent of the proportion of it which he should have paid, gave him a property for which he has furnished no equivalent in value, but which has been paid for by others, who in that regard owed him no duty. The equities of the case are against him, and rest wholly on the side of his cotenants.

It is true that the first installment of $7,500 which was paid by the executors on account of the mortgage was so paid just prior to the sale of William H. Bucknam's interest by his assignee in bankruptcy, but out of this fact no equity can arise in favor of the defendant Harding, inasmuch as both he and his immediate grantor accepted conveyance of the property subject to the mortgage for its original amount, and under such circumstances may not claim that any portion of it had then been paid. Freeman v. Auld, 44 N. Y. 50; Johnson v. Zink, 51 N. Y. 333; Bennett v. Bates, 94 N. Y. 354. The parties whose money had been so applied were, as to Harding and his predecessor, in the same position as the mortgagee to whom the payment had been made. The duty at all times has rested upon those claiming title to William H. Bucknam's share of contributing to the payment of one-fourth of the mortgage debt with which their testator's interest in the property was affected,—a burden which they cannot escape by reason of the fact that others, who are not mere volunteers, have paid the whole.

Upon a final analysis of the facts in the case, we find the situation to be that four undivided interests were subject to the payment of a mortgage, the owner or owners of each share being chargeable with the payment of an equal proportion of the same, but that the owners of three of such shares have paid the whole. How, then, can there be any doubt about the duty and power of the court to so adjust the rights of the parties in this action as to remedy this injustice, especially as no other rights or equities have intervened which can in any way be injuriously affected by such action? It has been contended that there is another theory upon which the same result can be reached, namely, that the executors, upon the payment of the mortgage, were entitled to be subrogated to the

rights of the mortgagee, as the land was the primary fund for the payment of the debt, and that the surviving executor is, therefore, an equitable mortgagee to the extent of the amount so paid, and should be entitled to receive such amount out of the proceeds of the property, which would then be distributable, in his hands, among those who have already been charged on the accounting with the amount so paid on account of the mortgage. The courts have gone very far in sustaining such substitutions or equitable assignments by subrogation. Gans v. Thieme, 93 N. Y. 225; Arnold v. Green, 116 N. Y. 566, 23 N. E. 1; Pease v. Egan, 131 N. Y. 262, 30 N. E. 102.

It may well be, and probably is, the fact, that the claim for reimbursement made by the plaintiff and other cotenants against the defendant Harding is subject to adjustment upon that theory; but the result in either case is precisely the same, and, as all of the parties are present who are in any way interested in the question, the court will proceed to determine their equities, and to administer final relief without indirection, and with regard rather to matters of substance than of form. It will be noticed that, in the case of Pease v. Egan, supra, cited upon the briefs of counsel, the plaintiff had no interest in the property, and that the method adopted for enforcing his equitable rights was absolutely essential to relief. Whatever the theory may be, however, it is quite clear that justice requires that the share of William H. Bucknam should be made to bear its proportion of the mortgage debt by reimbursing those whose money has been used to discharge it; and what justice requires a court of equity should find no difficulty in compelling. The formal decision and the interlocutory judgment entered upon it should, therefore, declare the interest derived from William H. Bucknam to be subject to a lien or charge of $3,437.50, together with interest thereon at the rate of 5 per cent. per annum from January 13, 1891, and adjudging the other cotenants to be entitled to the payment to them of that amount out of said share. The interest of the parties in the rents should also be specified, and the referee to sell directed to ascertain the amount to which each is entitled.

Findings should be submitted to me in conformity with this opinion, together with the interlocutory judgment, for settlement upon notice.