REICHERT v. STILWELL et ux.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1901.)

MORTGAGES—FORMER JUDGMENT FOR THE DEBT—EXECUTION—LEAVE OF COURT —APPEAL—HARMLESS ERROR.

Code Civ. Proc. § 1628, forbids any action to recover the mortgage debt, after final judgment of foreclosure, without leave of court. Sec- tion 1630 forbids any action to foreclose a mortgage, after judgment in an action for the debt, till execution on the judgment has been returned unsatisfied. Defendant borrowed $3,000 in two sums, secured by first and second mortgages on lands. Thereafter the mortgagee assigned the bonds and mortgages to S., and defendant at the same time executed to S. a third bond, secured by mortgage on other lands, for $3,720, of which $720 was a new loan, and the balance the unpaid principal of the former loans. Thereafter S. foreclosed the last mortgage, and out of the proceeds of the sale the $720 was paid, and the balance was applied on the two former mortgages. A deficiency was reported, but no defi- ciency judgment was ever docketed, nor execution issued to collect the same. S. thereafter assigned the first mortgages to plaintiff, but made no formal transfer of any rights under the judgment on the third mort- gage. Plaintiff thereafter sued to foreclose the two first mortgages, showing in the complaint the proceedings to foreclose the third mort- gage and the disposition of the proceeds of the sale. Held that, though all rights to enter a judgment for deficiency in the action on the third mortgage, and to enforce the same by execution, passed to plaintiff as collateral to the mortgages assigned to him, judgment would not be reversed for failure to issue such execution, or to obtain leave of court before bringing the present suit, the sections requiring such action not being jurisdictional, but merely relating to practice, and it being evident that defendant was not injured by the omission.

McLennan, J., dissenting.

Appeal from trial term, Onondaga county.

Foreclosure by Frederick Reichert against Charles A. Stilwell and wife. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

On the 1st day of April, 1881, the defendant Charles A. Stilwell executed and delivered to Elizabeth B. Stevens his bond in the penal sum of $4,000, in which he bound himself to pay to said obligee the sum of $2,000, and as collateral security thereto executed and delivered a mortgage upon certain land owned by him in the town of Dewitt, in said county. On October 1, 1886, said Stilwell obtained an additional loan of $1,000 from said Elizabeth B. Stevens, which was also secured by the bond of said Stilwell and a second mortgage upon the said premises. The wife of the mortgagor executed said mortgages, each of which was recorded soon after it was given. On the 10th day of December, 1890, said bonds and mortgages were duly assigned to Helen B. Sanford, and which said assignments were duly recorded on the same day. On the 20th day of November, 1897, said Stilwell executed and delivered to said Helen B. Sanford a third bond, in which he covenanted to pay $3,720. Seven hundred and twenty dollars was a new, independent consideration, and the balance was intended as further security for the obligation above set forth; the whole principal of each of which remained unpaid. A mortgage was given as collateral security to said bond upon premises not included in said prior mortgages. On February 10, 1899, said Helen B. Sanford commenced an action to foreclose said last-mentioned mortgage, asking for a deficiency judgment in the complaint thereof against said obligor. Judgment was ordered in said action, and the amount reported as due and unpaid on the three separate claims was $4,105.38. A sale of said premises was had by virtue of said judgment of foreclosure, and out of the avails the said indebtedness of $720 was first paid, and the balance thereof was applied on said two obligations originally held by Mrs. Stevens. The sheriff reported a deficiency of $2,774.47, but no judgment therefor was ever docketed or execution issued to collect the same. Thereafter, and on the 24th day of December, 1899, said Helen B. Sanford assigned and transferred said two bonds and mortgages given to Elizabeth B. Stevens to the plaintiff in this action, but made no formal transfer of any rights she may have possessed by reason of the judgment recovered by her. This action was commenced December 14, 1899, to foreclose said two mortgages assigned to the plaintiff, and no leave of the court was sought or obtained to bring the same.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Louis L. Waters, for appellants.
Augustus C. Stevens, for respondent.

SPRING, J. The assignments of the two bonds and mortgages carried also whatever rights to a deficiency judgment Mrs. Sanford acquired in the foreclosure action which she had prosecuted to judgment. So far as the bond and mortgage then foreclosed bore any relation to the two mortgages in suit, they were collateral to them, and the judgment consequently passed with the transfer of the principal debts. Freeman v. Auld, 44 N. Y. 50–57; Bolen v. Crosby, 49 N. Y. 183–187; Cobbey, Chat. Mortg. pars. 650, 651. If it did not pass with the assignments, then it was extinguished thereby, for Mrs. Sanford could not retain the collateral judgment as a subsisting demand after she had parted with the considerations themselves. Langdon v. Buell, 9 Wend. 80–84. The deficiency judgment was a mere incident to the mortgage, and, though based upon the bond, it could not be obtained in the foreclosure action except for the mort-

gage. As was said by Judge O'Brien in Dudley v. Congregation, 138 N. Y. 451, 34 N. E. 281, at page 458, 138 N. Y., page 282, 34 N. E.:

"In an action to foreclose a mortgage a judgment for deficiency is authorized, and may be rendered as incidental to the principal relief demanded, but it cannot be rendered in an action where the plaintiff fails to establish the mortgage."

Mrs. Sanford possesses no rights in this deficiency judgment, and cannot issue an execution thereon. If any one has any such right, it is the plaintiff in this action, who is her successor in title, and we will act on that assumption in the consideration of the questions involved.

It is urged by the appellant that it is necessary for the plaintiff, before commencing this action, to obtain leave of the court so to do, pursuant to section 1628 of the Code of Civil Procedure; and also that an execution should have been issued on the deficiency, and returned unsatisfied, as required by section 1630 of said Code. The philosophy of the requirements of these sections is obviously to prevent an action on the bond and a foreclosure suit to collect the same debt pending at the same time. Dudley v. Congregation, 138 N. Y. 451–457, 34 N. E. 281. This is made by section 1630, which is to be construed in connection with the two preceding sections, which reads, "Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage unless an execution" has been issued and returned unsatisfied. That is, if an action has been brought on the bond, and judgment rendered, execution must issue before the foreclosure suit can be commenced on the mortgage, which is collateral to the bond. Section 1628 is of like import, except then, if the foreclosure action is pending, or final judgment has been rendered therein, an action at law to recover the mortgage debt cannot be commenced without leave of the court. These sections are, therefore, designed to meet a specific purpose. When a bond and mortgage have been given evidencing the same indebtedness, one of which is enforceable in an action at law and the other by a suit in equity, that one remedy must be exhausted before resort can be had to the correlative relief. That is the extent of their application. Section 1629, which, like the other sections, has been long in vogue, and which is a part of the plan intended by them, requires the complaint in the foreclosure action to state whether any other action has been brought to recover any other part of the mortgage debt, and, if so, what has been collected. That requirement has been complied with in this case, for the complaint sets forth fully the facts pertaining to the preceding suit, brought primarily to foreclose the mortgage of $720; and it further alleges that the surplus remaining after paying this mortgage was applied on the debts represented by the two mortgages in suit. The truth of these allegations is not assailed, and the defendant has received the benefit of every cent to which he is entitled. These sections are not jurisdictional, but relate to the practice, and the court can even grant the order nunc pro tunc for leave to sue while the action for which leave is necessary is pending. Earle v. David,

86 N. Y. 634. It is obvious that these defenses are entirely technical, and that the omissions referred to cannot prejudice the defendant. His testimony tends to show whatever property is in his possession is heavily incumbered, and that his title, if any, is shadowy and uncertain, and the issuing of an execution against his property would have been a fruitless ceremony. The judgment should be affirmed, with costs to the respondent.

So ordered. All concur, except McLENNAN, J., who dissents.