(34 Misc. Rep. 329.)

PRETZFELD et al. v. LAWRENCE et. al.

(Supreme Court, Special Term, New York County. March, 1901.)

1. MORTGAGE—FORECLOSURE FOR INTEREST. ·
   A judgment and foreclosure of a mortgage for interest only is not void.
2. SAME—IRREGULARITIES.
   Irregularity in foreclosing a mortgage for interest only can be taken advantage of by the owner of the equity of redemption only in direct proceedings.
3. SAME—SUBSEQUENT FORECLOSURE FOR PRINCIPAL.
   Action to foreclose a mortgage for principal and interest is not barred by a prior foreclosure for interest only.
4. SAME—RIGHTS OF PURCHASER.
   Where a mortgagee has foreclosed for interest only, and a deed is given to the purchaser subject to the mortgage, such purchaser cannot resist a subsequent foreclosure thereof.
5. SAME—LEAVE TO SUE.
   Where a mortgage has been foreclosed for interest only, a subsequent complaint to foreclose the mortgage is not one to recover the mortgage "debt," within Code Civ. Proc. §§ 1628, 1629, so that leave to sue must first be obtained. ·

Action by Simon Pretzfeld and others against Edward L. Lawrence and others to foreclose a mortgage given May 2, 1895. In 1896 the mortgage was foreclosed for interest only, and defendant Mary J. Stockton claimed her right to redeem, and defendant Ralph Weil, who had purchased under the other foreclosure, which was set aside on appeal, claimed to be the mortgagee in possession. Judgment for plaintiffs.

Wolf, Kohn & Ullman, for plaintiffs.
Paul R. Towne, for defendant Stockton.
Edward W. S. Johnston, for defendant Weil.
Lucius H. Beers, for defendant Stuyvesant.

LEVENTRITT, J.   I hold with Mr. Justice Werner that the foreclosure for interest only, while extraordinary practice, was a mere irregularity. Stuyvesant v. Weil, 26 Misc. Rep. 445, 57 N. Y. Supp. 592. No one could take advantage of the irregularity, except the defendant Stockton, by proceedings directed against the judgment in the foreclosure suit. She has taken no steps, nor does she in her present pleading make any offer to do equity. The present foreclosure for principal and interest is regular; the defendant Stockton was properly made a party; and, even were the previous judgment void, the one here sought would bar all her rights. Nor is any valid defense interposed by the defendant Weil, the purchaser from the grantee under the referee's deed. He is bound by the positive averments of his answer that he is the owner, and by the covenants of the deed under which he took the property expressly subject to the mortgage now sought to be foreclosed. Under these circumstances, even were there adequate proof, he can claim no rights as mortgagee in possession, or of subrogation to those of the plaintiffs. The defendant Stuyvesant, who has made a contract of purchase with the defendant Weil, obviously stands in the same

position as his vendor. If he shall ultimately prevail in his suit for specific performance, he will have no further interest in the property. If he shall fail, then, according to his contract, he takes expressly subject to the mortgage here in suit.

Finally, it is claimed that the complaint is defective in that it does not comply with sections 1628 and 1629 of the Code. Section 1628 requires leave of court to maintain a suit to recover any part of the mortgage debt where there has been final judgment for the plaintiff in an action to foreclose a mortgage upon real property, and section 1629 requires the complaint to state whether any other action has been brought to recover any part of the mortgage debt. Even were leave necessary in this suit, I should, on the theory that these sections are not jurisdictional, but relate to practice merely (Reichert v. Stilwell [Sup.] 67 N. Y. Supp. 1062), be disposed to grant it nunc pro tunc. Earl v. David, 20 Hun, 527, affirmed in 86 N. Y. 634. The plaintiffs,. however, have maintained no action on the mortgage debt (that is, on the bond), but simply one to foreclose the mortgage, and the allegation in their pleading is therefore correct. Scofield v. Doscher, 72 N. Y. 495; Insurance Co. v. Smith, 19 Abb. N. C. 69. There should be judgment for the plaintiffs, with costs.

Judgment for plaintiffs, with costs.