## D. D. DODGE *v.* J. W. CUTRER.

[56 South. 455.]

1. PARTNERSHIP. *Purchase of interest. Assumption of debts. Rights of creditors.*

> Where the purchaser of a partner's half interest in partnership property, agreed as a part of the consideration "to pay and hold harmless" the seller from the payment of all debts of the partnership, a partnership creditor could maintain an action against such purchasers in his own name.

2. SAME.

> Such an agreement is not simply a promise to indemnify and hold harmless the seller from the payment of the partnership debts but is an express promise to pay the debts.

APPEAL from the circuit court of Coahoma county.

HON. SAM C. COOK, Judge.

Suit by D. D. Dodge against J. W. Cutrer. From a judgment for defendant, plaintiff appeals.

Mrs. Flora E. Dodge, and her husband, H. C. Dodge, were the owners of a plantation in Sunflower county, Mississippi, and were engaged in the business of planting as a partnership, under the firm name and style of H. C. & F. E. Dodge. Some marital troubles having arisen between them, Mrs. Dodge, through her attorney, began negotiations for the sale of her undivided half interest in the property, which resulted in the sale of same on July 13, 1905, to J. W. Cutrer, the appellee here. There were several liens and incumbrances on said property, including the taxes for 1904, which were mentioned in the conveyance, and, except as to those enumerated, the grantor warranted the title to the property. In the course of the negotiations it appeared that D. D. Dodge (this appellant), who was the father of H. C. Dodge, was asserting a claim of an indebtedness due him by H. C. & F. E. Dodge, and accordingly, contemporaneously with the execution and delivery of the deed from Mrs. F. E. Dodge to him, Cutrer executed the following instrument, to-wit:

"State of Mississippi, Coahoma county. As a part of the consideration of the conveyance which F. E. Dodge has this day executed to me of certain lands in Sunflower county, state of Mississippi, I agree to pay and hold the said F. E. Dodge harmless from the payment of any and all debts, including taxes on the above lands for the year 1905, for which H. C. Dodge and F. E. Dodge are jointly liable, or which were or are a part of the indebtedness contracted and owing by the firm of H. C. Dodge and F. E. Dodge, who lately conducted business as partners on the above-mentioned lands in Sunflower county, state of Mississippi, under the firm name and style of H. C. & F. E. Dodge. Witness my signature at Clarksdale, Mississippi, this the 13th day of July, A. D. 1905. J. W. Cutrer."

Thereafter D. D. Dodge demanded of Cutrer the payment of two certain notes, then long past due, executed

jointly by H. C. Dodge and F. E. Dodge in favor of D. D. Dodge, in 1898 and 1900, respectively, aggregating the sum of nine hundred and twenty-five dollars. Payment having been refused, suit was brought. At the close of the testimony the court instructed the jury to find for the defendant, and plaintiff appealed from the judgment thereon.

*D. A. Scoot* and *Frank Johnston,* for appellant.

*Geo. Winston* and *Charles Clark,* for appellee.

The record in this case is lost and the briefs of counsel cannot be given.

SMITH, J., delivered the opinion of the court.

The written agreement executed and delivered by appellee to F. E. Dodge as a part of the consideration for the deed to her undivided one-half interest in the plantation purchased from her is not simply a promise to indemnify and hold harmless Mrs. Dodge from the payment by her of the debts due by herself and husband, as contended by appellee, but it is an express promise to pay these debts. Its language is "I agree to pay," etc. This being true, and as the notes sued on are the joint notes of H. C. Dodge and F. E. Dodge, executed by them to appellant for a valuable consideration, appellant has the right to maintain this action in his own name, and consequently the peremptory instruction granted the appellee in the court below was error. *Sweatman* v. *Parker,* 49 Miss. 30; 30 Cyc. 67-74, inclusive, and authorities there cited.

*Reversed and remanded.*