BARNES v. JONES.

[71 South. 573.]

CONTRACTS. *Rights of third persons. Assumption of payment of debt. Liability.*

Where the grantee, as part of the consideration for the deed executed to him assumes the payment of a debt due by the grantor to a third person, he becomes personally liable to such third person for the payment thereof, who can recover of him the amount of such debt in an action instituted for that purpose.

APPEAL from the chancery court of Harrison county. HON. J. N. STEVENS, Chancellor.

Bill by T. J. Thomas against L. F. Barnes and Mrs. Lillie V. Barnes his wife. Decree *pro confesso,* followed by final decree against defendants and defendant, Mrs. Lillie V. Barnes appeals.

The facts are fully stated in the opinion of the court.

*J. M. Morse, Jr.* and *W. E. Morse,* for appellant.

*Hanum Gardner,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellee exhibited his bill in the court below against L. F. Barnes and Mrs. Lillie V. Barnes praying for a personal decree against them for money alleged to be due him as part of the purchase price of certain land and for a foreclosure of a vendor's lien on the land by which the payment of the money alleged to be so due him was secured. The bill alleged that L. F. Barnes purchased the land from appellee, executing to him his promissory note for two hundred and seventy-five dollars in part payment thereof, to secure the payment of which a vendor's lien was expressly reserved in the deed to the land executed by appellee, and that some time thereafter L. F. Barnes sold and conveyed the land to Mrs. Lillie V. Barnes, his wife, "who by the terms of the purchase thereof assumed and obligated herself to pay off the amount of the vendor's lien on said property as represented by the note hereinabove described." The defendants, having been duly served with process, failed to appear in response thereto, so that, when the cause came on to be heard, a decree *pro confesso,* followed by a final decree in accordance with the prayer of the bill, was rendered against them. The land was sold by the commissioner appointed by the court for that purpose, his report of the sale was confirmed, and Mrs. Barnes now brings the case to this court and complains of the rendition of the personal decree against her, the ground of her complaint being that she was not a party to the note, and therefore had incurred no liability to appellee thereon. There is no merit in this contention; for, where the grantee, as part of the consideration for the deed executed to him, assumes the payment of a debt due by the grantor to a third person, he becomes personally liable to such third person for the payment thereof, who can recover of him the amount of such debt in an action instituted for that purpose. 39 Cyc. 1655; 27 Cyc. 1344; *Dodge* v. *Cutrer,* 100 Miss. 647, 56 So. 455.

*Affirmed.*