[No. 9,223.   Department One.—July 26, 1884.]

LUCY VOGAN, ADMINISTRATRIX OF THE ESTATE OF JOHN VOGAN, DECEASED, APPELLANT, v. A. CAMIN-ETTI, ADMINISTRATOR OF THE ESTATE OF J. C. SHIPMAN, DECEASED, RESPONDENT.

PROMISSORY NOTE—MORTGAGE—INDEMNITY.—A note and mortgage for a definite sum of money, but intended as security to the mortgagee for advances on account of the mortgagor, can only be enforced to the extent of such advances.

APPEAL from a judgment of the Superior Court of the county of Amador, and from an order refusing a new trial.

This was a suit for the foreclosure of a mortgage to secure the payment of a promissory note for four hundred dollars. The defendant, administrator of the estate of Shipman, the mortgagor, admitted the execution of the note and mortgage, but averred that the mortgage was given to secure advances that had been or should thereafter be made by the mortgagee, to provide Shipman with food, care, and attention during a sickness from which he was then suffering, and to pay his funeral expenses in the event of his death. It was also averred that the amount expended by the mortgagee for the purposes mentioned, was less than the face of the mortgage. The court gave judgment for

the sum of two hundred and thirty-five dollars and sixty-nine cents.

*Eagon & Armstrong,* for Appellant.

*A. Caminetti,* and *R. C. Rust,* for Respondent.

The COURT. — The object of the transaction between the deceased Vogan and the deceased Shipman being to indemnify Vogan for the liabilities he had incurred and might incur on Shipman's account, the amount of the mortgage and note served only to limit the extent of the security. Upon the foreclosure of that mortgage, the amount for which judgment was rendered was, properly, the amount the mortgagee had paid under the liability for which he was secured, with interest from the day of payment. (Jones on Mort. vol. 1, § 384.)

Judgment and order affirmed.