### In Equity.

## W. A. ALLEN COMPANY *vs.* MURTON C. EMERTON et al.

### Cumberland.    Opinion May 17, 1911.

*Mortgages.   Rights of Parties.   Priority.   Liens.   Statute, 1868, chapter 207.*
*Revised Statutes, 1857, chapter 91, section 16; 1871, chapter 91,*
*section 72; 1903, chapter 93, sections 29, 31.*

As between mortgagor and mortgagee, the latter holds the legal estate with
all the incidents of ownership in fee, while the mortgagor retains an
equitable right under a condition subsequent in the deed.

Under Revised Statutes, 1903, chapter 93, section 29, providing for mechanics'
liens, a lien under contract with the mortgagor in a prior recorded mort-
gage attaches to the equity of redemption only, but such mortgage takes
priority over liens only so far as advances under the mortgage were made
before the furnishing of the labors and materials for which liens are
claimed, though the mortgage be given for a larger amount; the liens
otherwise being superior.

In equity.   On an agreed statement of facts.   Remanded for
further proceedings at nisi prius.

Bill in equity brought by the plaintiff to enforce a lien for
materials which entered into the construction of a house on the land
of the defendant Emerton.   The South Portland Loan and Building
Association which held a mortgage of the land on which the house

was situate, was made a party defendant. Other bills in equity against the same defendants to enforce liens on the same premises were brought by the Charles M. Hay Paint Company, the Rufus Deering Company, the Emery-Waterhouse Company, Fred M. Leavitt, and William T. Watts. On petition therefor, and under the provisions of Revised Statutes, chapter 93, section 35, these several bills were consolidated into one proceeding. An agreed statement of facts was filed and the cause was reported to the Law Court for determination.

The case is stated in the opinion.

*Reynolds & Sanborn,* for W. A. Allen Co., and Charles M. Hay Paint Co.

*E. H. Wilson,* for Rufus Deering Co.

*George C. Wheeler,* for Emery-Waterhouse Co.

*W. K. & A. E. Neal,* for F. M. Leavitt.

*David E. Moulton,* for Wm. T. Watts.

*Frank H. Haskell,* for W. S. Thurston.

*S. L. Bates,* for Murton C. Emerton.

*Frederick H. Harford,* for South Portland Loan and Building Assn.

SITTING:  EMERY, C. J., SAVAGE, PEABODY, SPEAR, KING, JJ.

PEABODY, J.   This is a bill in equity brought by the plaintiff to enforce a lien for materials amounting to $359.44 which entered into the construction of a house on land of the defendant Murton C. Emerton, the first material having been furnished on June 28, and the last on July 17, 1909.

The plaintiff corporation was one of several corporations and persons who had furnished labor and material for the construction of the same house and had brought their several bills in equity to enforce the liens which they claimed on the premises, and upon its petition an interlocutory decree was made March 1st, 1910, consolidating the several suits into one proceeding. The case is before the Law Court on the agreed statement of facts and stipulations of the parties.

It appears that on the third day of April, A. D. 1909, the defendant Emerton negotiated with the defendant, the South Portland Loan and Building Association, for a loan of $2500, to be used in the erection of a dwelling house upon a lot of land owned by him in South Portland, described in the various bills in equity, and on April 14, 1909, he executed a mortgage of the premises to secure his note in favor of the Association for $2500, which on the next day was recorded in the Registry of Deeds for the county of Cumberland.

The amount of the loan was not paid on the day of the execution of the mortgage deed but was advanced in several payments as indebtedness was incurred by him in building the house as follows: April 27, 1909, $71.40, and $17.50, May 1st, 1909, $500, May 18, 1909, $1000, June 28, 1909, $500, July 31, 1909, $29.40 and $381.70. All of the lienors, excepting the Emery Waterhouse Co., seasonably filed in the office of the city clerk of South Portland the notice provided for in R. S., chapter 93, section 31. All the bills in equity were seasonably filed and duly served. No lien claimant gave any actual notice to the mortgagee of the fact of furnishing material or labor for the building and the mortgagee gave no notice to any of the lienors to prevent the attaching of their liens. The Association knew before any of the liens attached that Emerton was building a house upon the mortgaged premises. Its security committee carefully examined Emerton as to the payment of the bills contracted by him and were assured by him that all were paid and orders were drawn for the amounts paid as stated by him.

The principal question of law involved in the case is whether the defendant, the South Portland Loan and Building Association is, by its recorded mortgage, protected in making the loan of $2500 and advancing the amount in partial payments against the lien claims of the various plaintiffs. The lienors rely upon the provisions of R. S., chapter 93, section 29.

"Whoever performs labor or furnishes labor or materials in erecting, altering, moving or repairing a house, building or appurtenances, or in constructing, altering or repairing a wharf, or

ALLEN CO. *v.* EMERTON.

pier, or any building thereon, by virtue of a contract with or by consent of the owner, has a lien thereon, and on the land on which it stands and on any interest such owner has in the same, to secure payment thereof, with costs. If the owner of the building has no legal interest in the land on which the building is erected, or to which it is moved, the lien attaches to the building, and if the owner of the wharf or pier has no legal interest in the land on which the wharf or pier is erected, the lien attaches to the wharf or pier, and in either case may be enforced as hereinafter provided, and if the owner of such land building, wharf or pier so contracting, is a minor married woman such lien shall exist, and such minority or coverture shall not bar a recovery in any proceeding brought to enforce it."

It was decided in *Morse* v. *Dole,* 73 Maine, 351, that a lien acquired by virtue of a contract made with the mortgagor subsequent to the recording of the mortgage does not take precedence of the mortgage; it only attaches to the equity of redemption.

A mechanics' lien under the earlier statute attached to a house, building or appurtenance for labor and materials performed or furnished for erecting, altering or repairing the same by virtue of a contract with the owner and to the lot of land on which it stands or any interest such owner has in the land or in the equity of redemption if under mortgage to secure payment thereof. R. S., 1857, chapter 91, section 16. The statute was subsequently changed so that a lien was given for labor and material furnished under a contract either with or by consent of the owner. Public Laws, 1868, chapter 267.

In this State as between the mortgagor and mortgagee, the mortgagee holds the legal estate in the mortgaged premises with all the incidents of ownership in fee, while the mortgagor retains an equitable right under a condition subsequent contained in the deed. *Howard* v. *Houghton,* 64 Maine, 445; *Gilman* v. *Wills,* 66 Maine, 273. The statute does not in the use of the term "owner" recognize the technical distinction in the respective interests of mortgagor and mortgagee. If in the sense of the law of liens the mortgagee is the owner, the mortgagor is not, and if there is

any ambiguity which requires interpretation we should look to the context of the statute in which a lien for labor and material furnished "by or with consent" of the owner was first given, and it is seen that the clause "or of the equity of redemption if under mortgage" is still retained, and it cannot mean otherwise than if the land is under mortgage that the lien is upon what the mortgagor owns which is the equity of redemption and does not take precedence of a recorded mortgage. *Howard* v. *Robinson,* 5 Cush. 119, 123 ; *Dunklee* v. *Crane,* 103 Mass. 470.

In the revision of R. S., 1871, the term equity of redemption is dropped and in its place and in subsequent revisions appears "any interest such owner has in the same." This includes in a concise form the interest which the owner has in the land if there is no mortgage also his interest if under mortgage. If the change in the language of the statute is considered to support the theory that as the mortgagee is the owner of the fee his interest is subject to a lien if chargeable with even implied consent to the furnishing of labor and material by a contract with the mortgagor, thus we change the nature of the mortgage as to third persons even after record from a lien of which other lien claimants had constructive notice to ownership in which the mortgagor's equity of redemption is merged and consequently no lien judgment could be as formerly recovered against him. This is a construction which could not have been intended by the Legislature in enacting the present statute.

The practical application of the law of mechanics' liens to the facts of this case is that upon the recording of the mortgage of the Association it became a lien on the mortgaged property to the extent of the amount then due against subsequent lien claims, such liens being enforceable against the mortgagor and his equity of redemption at the time they attached.

The case shows that the Association knew that the house was being erected and that the claimants were furnishing the material and labor for the same. It was bound to know whenever it made any advancement under the mortgage whether the property had become subject to any incumbrances for, if any, these took precedence

over the subsequent advances. Though the advancements diminished the value of the equity of redemption they did not postpone prior lien claims.

With one exception the statutory statements of these claims were regularly filed in the city clerk's office at South Portland but their origin was not such as required this because they were not for material and labor furnished under a contract with a person not the owner of the equity redemption.

The evidence shows that on May 18, 1909, the time when the first items were furnished or work done for which a lien is claimed, there was due to the South Portland Loan and Building Association for cash already advanced the sum of $1588.90. This had priority over the mechanics' liens involved in the consolidated equity proceeding, because it does not appear that the labor and materials were furnished under any contract made before the record of the mortgage which continued in force thereafter during the furnishing of all the labor and materials and under which the lien claimant was obliged to furnish them. *Morse v. Dole*, 73 Maine, 351.

The mechanics' liens then followed and attached in chronological order, until the next payment was made by the Loan and Building Association which was on June 28, the sum of $500, and then again in succession according to their respective dates. Each payment under the mortgage being junior to labor and materials furnished prior to such payment, but having priority over labor and materials furnished subsequent thereto. As the record contains no itemized bills it is impossible to ascertain the exact amount due to the various parties on the various dates. The cause is therefore remanded to the sitting Justice to ascertain the amounts and the priorities in accordance with this opinion.

*So ordered.*