[Civ. No. 3190.   Second Appellate District, Division Two.—June 15, 1920.]

W. P. FULLER & CO. et al., Respondents, v. JOHN Q. McCLURE, Appellant.

[1] APPEAL—INSUFFICIENCY OF EVIDENCE—LACK OF SPECIFICATIONS.— The question of the sufficiency of the evidence to sustain the findings cannot be considered on an appeal based upon a bill of exceptions, where the bill contains no specification of "particulars," as required by section 648 of the Code of Civil Procedure.

[2] MORTGAGES — OPTIONAL AND OBLIGATORY ADVANCES — PRIORITY OF INTERVENING LIENS.—Where a mortgagee has obligated himself to make advances, such advances tack, and the mortgage, when re corded, is a valid lien for all the advances actually made, although they may have been made after notice of a subsequent mortgage or encumbrance of the property; but where the mortgagee is not obligated to pay the full amount of the sum named or to make all the advances mentioned in the mortgage, it being optional with him to do so or not, and he makes advances or payments after having notice that a lien has attached in favor of a third party, his lien for payments or advances made after such notice will be postponed to that of the junior encumbrancer, and each of such advances will be deemed the equivalent of a new mortgage.

[3] ID.—SECURITY FOR FUTURE ADVANCES—PRIORITY OVER MECHANICS' LIENS.—A mortgage given to secure future advances has priority over mechanics' liens subsequently arising to the extent of the full amount advanced including what is advanced after as well as before, the accrual of the mechanics' liens, where the making of such advances was obligatory upon the mortgagee under the terms of his contract with the mortgagor; but as to mere voluntary advances made after the mechanics' liens accrued, and with notice thereof, the mortgage is postponed.

[4] PROMISSORY NOTES — SECURITY BY REAL PROPERTY MORTGAGE — NEGOTIABILITY.—If a promissory note is secured by a mortgage on land, and both are executed at the same time or as parts of one transaction, the note, although negotiable in form, is not negotiable in law, if the purchaser takes it with knowledge of the existence of the mortgage.

[5] MORTGAGES—ACTION TO FORECLOSE MECHANICS' LIENS—OPTIONAL ADVANCEMENTS — PAROL EVIDENCE.—In an action for the foreclosure of mechanics' liens, parol evidence is admissible to show

3.   Validity and construction of mortgage to secure future advances, note, Ann. Cas. 1913C, 552.

that although a certain note and mortgage were made for a definite sum, they were executed as part of an oral agreement that the mortgagee should be obligated to advance but a lesser sum, and that any additional payments should be optional and not obligatory.

[6] ID.—VALIDITY—CHARACTER OF DEBT.—It is not necessary to the validity of a mortgage that it should truly set forth the nature and character of the debt that it is intended to secure.

[7] NEW TRIAL—AFFIDAVITS—TIME OF SERVICE.—Where a motion for a new trial is to be made upon affidavits, the moving party must serve and file his affidavits not later than thirty days after serving his notice of intention.

[8] ID.—SEVERAL PARTIES PLAINTIFF—TIME OF SERVICE OF AFFIDAVITS. Where the defendant's notice of intention to move for a new trial is served upon the several parties plaintiff on different days, affidavits in support thereof, though served on certain of the parties plaintiff and filed not later than thirty days after service of the notice of intention, if served on other parties plaintiff and filed more than thirty days after service of the notice of intention, are not served and filed in time to entitle defendant to a new trial of any issue affecting the rights of the latter.

[9] MORTGAGES—DEED OF TRUST SUBJECT TO—EFFECT OF RECITALS AS TO PRIORITY.—Where the beneficiary under a deed of trust expressly agrees that that instrument shall be subject to a certain mortgage for a stated amount, the holder of such deed of trust takes that instrument subject to the right of the holder of the mortgage to enforce this latter instrument to the extent that it is enforceable against the mortgagor, notwithstanding the full amount thereof was not actually advanced or loaned under the mortgage.

[10] ID.—MECHANICS' LIENS — RELATIVE PRIORITY.—Where a deed of trust recites that that instrument shall be subject to a certain mortgage for a stated sum, but, notwithstanding both of such instruments are recorded before any work is done or materials furnished on the mortgaged premises, by reason of an oral agreement between the mortgagor and the mortgagee, the mortgage, as to certain advancements made thereunder, is subordinate to certain mechanics' liens, the deed of trust is not subordinate to both the mortgage and the mechanics' liens, but only to an amount equal to the amount stated therein, as contemplated by the parties at the time such instrument was executed.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Modified and affirmed.

10. Priority as between mortgage of property and mechanic's lien claim, notes, Ann. Cas. 1916B, 634, 667, 669, 672, 674.

The facts are stated in the opinion of the court.

Charles Robert McCarty and Frank C. Scherrer for Appellant.

Schweitzer & Hutton, Sheldon Borden, Richard J. O. Culver, E. S. Williams, William Hazlett, Glenn M. Ely, Kenton A. Miller, R. L. Horton, Kemp, Mitchell & Silberberg, Robert W. McDonald and Edward R. Milliken for Respondents.

FINLAYSON, P. J.—The defendant and cross-complainant, John Q. McClure, the holder of a mortgage, appeals from a decree of foreclosure given in several actions for the foreclosure of mechanics' liens. The actions were consolidated and tried as one action. The sole question is one of priority as between appellant, the holder of the mortgage, the defendant Young, who is the beneficiary under a trust deed, and the mechanics' lien claimants.

The case comes to us on a bill of exceptions. The bill contains no specification of the "particulars" wherein the evidence is claimed to be insufficient. [1] By a long line of decisions it is settled that the question of the sufficiency of the evidence to sustain the findings cannot be considered on an appeal based upon a bill of exceptions, where, as here, the bill contains no specification of "particulars," as required by section 648 of the Code of Civil Procedure. (*Millar* v. *Millar*, 175 Cal. 797, [Ann Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394]; *Regoli* v. *Stevenson*, 179 Cal. 257, [176 Pac. 158].) We shall therefore accept as true the facts as found by the trial court.

The case, as shown by the findings, is substantially as follows: The lot encumbered by the liens originally was owned by Lillian Young, who, on April 27, 1916, conveyed it to A. T. Storch. On May 9, 1916, Storch executed to the Title Guarantee & Trust Company, as trustee, for the benefit of Lillian Young, the beneficiary of the trust, a trust deed securing the payment of a promissory note for two thousand five hundred dollars, payable two years after date, and executed by Storch to Lillian Young as payee. The trust deed contains a recital to the effect that it is given as a part of the purchase price due to Lillian Young on her conveyance of the premises to Storch. Meanwhile, namely, on

April 27, 1916, Storch had executed a promissory note, for the principal sum of six thousand five hundred dollars, to one Fred H. Richman, as the payee, payable three years after date, and had secured its payment by a mortgage of even date, duly recorded May 9, 1916. The trust deed, recorded May 10, 1916, referring to the mortgage to Richman, contains this recital: "This trust deed is subject to a first mortgage of six thousand five hundred dollars, at eight per cent for three years, in favor of Fred H. Richman. This trust deed is second and is given as part of the purchase price of the above described premises." The trust deed is now held by the defendant and respondent Frank Wilson Young. By assignment of the mortgage, appellant, McClure, has become the owner of the mortgage and of the note for six thousand five hundred dollars secured thereby. No mechanics' lien claimants commenced to perform labor or furnish materials before May 11, 1916, on which day two of them commenced furnishing materials. The mechanics' lien claimant last to commence furnishing materials did so on June 5, 1916.

When Storch purchased the lot from Lillian Young it was unencumbered. At the time when Storch executed the note to Richman for six thousand five hundred dollars, and gave the latter the mortgage to secure its payment, the mortgagee paid Storch the sum of sixteen hundred dollars. That payment was made and the note and mortgage executed pursuant to an oral agreement between Storch and Richman that the latter would advance and loan the former sixteen hundred dollars. At the same time Storch told Richman that he intended to erect buildings upon the lot, and that, in order to get money to carry on the building, he would endeavor to find someone who would purchase the note and mortgage and pay therefor such an amount as might be agreed upon by himself and such purchaser of the mortgage; and the sixteen hundred dollars was paid by Richman, and the note and mortgage executed, pursuant to an oral agreement between the mortgagor and mortgagee whereby the latter agreed that if the former found a purchaser for the note and mortgage, he, the mortgagee, would transfer the note and mortgage to such purchaser upon the repayment to him of the total amount that he might actually have advanced to Storch in the meantime. At the same time the mortgagee told the mortgagor that if, in his

opinion, there should be sufficient security afforded by the
mortgage after the building was in progress, he, the mort-
gagee, would advance, from time to time, further sums until
the mortgagor should succeed in selling the note and mort-
gage, but that all loans or advances that he might make
over and above the first payment of sixteen hundred dol-
lars should be entirely optional on his part, and that the
only amount that he should be obligated to loan or ad-
vance on account of the note or mortgage, or otherwise,
was to be said sum, sixteen hundred dollars, and no more.
Richman had actual knowledge of the construction work from
the time of its commencement, and personally inspected the
work every time he made an advancement. About June 20,
1916, Storch found a purchaser for the note and mortgage
in the person of McClure, the appellant here. On that date
the note and mortgage were assigned to McClure. Up to
that time, Richman, in addition to the sixteen hundred
dollars paid by him at the date of the execution of the
note and mortgage, had made four payments to the mort-
gagor, aggregating thirteen hundred dollars, making, with
the original payment of sixteen hundred dollars, a total
of two thousand· nine hundred dollars paid or advanced
by Richman to Storch before., the assignment of the note
and mortgage to McClure. The respective mechanics' lien
claimants commenced furnishing material òn dates inter-
mediate the time when Richman made the initial pay-
ment of sixteen hundred dollars to his mortgagor and
the time when he made the last advancement on the
mortgage loan. When the note and mortgage were as-
signed to McClure, the latter paid five thousand dollars, a
part of which was used in repaying to Richman the two thou-
sand nine hundred dollars that he had theretofore paid to
the mortgagor. The balance was received and kept by
Storch. It was agreed by Storch and McClure that, though
the latter should pay not more than five thousand dollars,
the note and mortgage should stand as an obligation on
Storch's part for six thousand dollars, with interest thereon.
This was done in order that McClure might thus make a
profit of one thousand dollars. McClure took the note and
mortgage and paid his money with notice of the agreement
that Storch and Richman had made, and of the optional
nature of all the payments that had been made by Richman

after the payment of the first sum of sixteen hundred dollars, and also with notice of the amounts of these several optional payments. When he bought the note and mortgage, McClure had actual notice that the construction work was going on. No part of the five thousand dollars has been repaid.

As already stated, the several mechanics' liens accrued, respectively, on dates intermediate the first payment of sixteen hundred dollars by the mortgagor and the date when he made his last advancement on the mortgage loan. And in fixing the order of priority of the several liens, the foreclosure decree adjudges, in substance and effect, that the liens attach to the property in the following order: (1) That the holder of the mortgage, appellant, has a first lien to secure the original payment of sixteen hundred dollars; (2) that the liens of the mechanics' lien claimants and the lien of the mortgage to secure the optional payments that were made thereunder after the initial payment of sixteen hundred dollars, attached, respectively, as of the time when the several mechanics' lien claimants commenced to furnish materials and when the several optional payments were made under the mortgage—the lien of each optional advancement made by the mortgagee being deferred to the liens of such of the mechanics' lien claimants as had theretofore commenced furnishing materials for use in the building; and (3) that the lien of the mortgage, to the extent of the amount actually paid thereunder, namely, five thousand dollars, is prior to the lien of the trust deed.

Because the mortgage was recorded before the building was commenced or materials were commenced to be furnished, appellant contends that he has a lien on the premises prior to all the other liens to secure the payment of the full amount of the principal and interest of the note that the mortgage secured, six thousand five hundred dollars—citing in support of this contention, among other cases, *Valley Lumber Co.* v. *Wright,* 2 Cal. App. 293, [84 Pac. 57]. In that case it was held that where the owner of a building executes a promissory note for a definite amount, in consideration of the loan of all of that amount by the payee, the amount so loaned to be used in the construction of the building, a deed of trust given to secure the payment of the note and recorded before the building is commenced or

materials are commenced to be furnished, will take prece-
dence over the mechanics' liens, though no part of the agreed
loan be paid until after the commencement of the work.
In that case the payee was under an enforceable obligation
to furnish a sum equal to the principal of the note. The
execution of the note and trust deed was, therefore, a suffi-
cient consideration for the payee's binding obligation to ad-
vance the full amount. In the instant case the mortgagee
was under no obligation to pay anything beyond the initial
payment of sixteen hundred dollars. All payments over
and above the first payment were optional with the mort-
gagee. This distinction is vital, and is recognized in the
Wright case, where the court said: "There is a marked
distinction recognized in the cases between advances which
are optional with the mortgagee and advances which are
agreed to be made, i. e., obligatory, and the amounts
definitely fixed. This distinction is stated in *Savings etc.
Soc.* v. *Barrett,* 106 Cal. 514, 532, 533, [39 Pac. 922], where
the court seems to regard *Tapia* v. *Demartini,* 77 Cal. 383,
[11 Am. St. Rep. 288, 19 Pac. 641], as stating the rule as
to optional advances, as also does *Hall* v. *Glass,* 123 Cal. 500,
[69 Am. St. Rep. 77, 56 Pac. 336]." (*Valley Lumber Co.*
v. *Wright,* 2 Cal. App. 291, [84 Pac. 59].)

[2] Where a mortgagee has obligated himself to make
advances, such advances tack, and the mortgage, when re-
corded, is a valid lien for all the advances actually made,
although they may have been made after notice of a subse-
quent mortgage or encumbrance of the property. Where,
however, the mortgagee is not obligated to pay the full
amount of the sum named or to make all the advances men-
tioned in the mortgage, but it is optional with him to do so
or not, and he makes advances or payments after having
notice that a lien has attached in favor of a third party, his
lien for payments or advances made after such notice will
be postponed to that of the junior encumbrance, and each
of such advances will be deemed the equivalent of a new
mortgage. In such cases the mortgage lien attaches as and
when the optional advancements are made. The rule is
stated in Cyc. as follows: [3] "A mortgage given to secure
future advances has priority over mechanics' liens subse-
quently arising to the extent of the full amount advanced,
including what is advanced after, as well as before, the ac-

crual of the mechanics' liens, where the making of such advances was obligatory upon the mortgagee under the terms of his contract with the mortgagor; but as to mere voluntary advances made after the mechanics' liens accrued, and with notice thereof, the mortgage is postponed." (27 Cyc. 239, 240.) This statement of the rule is, we think, substantially correct, and is either sustained or recognized by the following authorities: *Finlayson* v. *Crooks*, 47 Minn. 74, [49 N. W. 398, 645]; *Gray* v. *McClellan*, 214 Mass. 92, [100 N. E. 1093]; *Davis* v. *Carlisle*, 142 Fed. 106, [73 C. C. A. 330]; *Ladue* v. *Detroit etc. R. Co.*, 13 Mich. 380, [87 Am. Dec. 759]; *Boswell* v. *Goodwin*, 31 Conn. 74, [81 Am. Dec. 169]; *Brinkmeyer* v. *Browneller*, 55 Ind. 488; *Blackmar* v. *Sharp*, 23 R. I. 412, [50 Atl. 852]; *Erickson* v. *Ireland*, 134 Minn. 156, [158 N. W. 918]; *Savings & Loan Soc.* v. *Burnett*, 106 Cal. 532, 533, [39 Pac. 922]; *Hall* v. *Glass*, 123 Cal. 504, [69 Am. St. Rep. 77, 56 Pac. 336]; *Valley L. Co.* v. *Wright, supra;* 1 Jones on Mortgages, sec. 369.

The note, of which appellant, who was conversant with all the facts, became the owner by assignment, is not negotiable in the hands of appellant. He has none of the rights peculiar to the ownership of negotiable paper. He stands in the shoes of Richman, the original mortgagee. **[4]** This is so because the rule in this state is that if the note is secured by a mortgage on land, and both are executed at the same time or as parts of one transaction, the note, although negotiable in form, is not negotiable in law, if the purchaser takes it with knowledge of the existence of the mortgagee. (*National Hardware Co.* v. *Sherwood*, 165 Cal. 1, [130 Pac. 881].)

According to the findings of the trial court, all advancements made on the mortgage after the original payment of sixteen hundred dollars were optional with the mortgagee and his assignee, this appellant. Neither was obligated to make any further payment. Prior to making any of the optional payments, the mortgagee and his assignee, appellant, had actual notice that material had been furnished by some of the mechanics' lien claimants. Each, therefore, being charged with knowledge of the law, had actual notice that the liens of the mechanics' lien claimants had attached. (*Finlayson* v. *Crooks, supra; Allen Co.* v. *Emerton*, 108 Me. 221, [79 Atl. 905].) As to each advancement so made,

therefore, the mortgage is to be regarded as a fresh mort-
gage, subject to the liens of such of the materialmen as had
commenced furnishing material prior to the time when the
advancement was made.   The liens provided for in the chap-
ter on mechanics' liens ''are preferred to any lien, mortgage
or other encumbrance which may have attached subsequent
to the time when the building, improvement or structure was
commenced or materials were commenced to be furnished.''
(Code Civ. Proc., sec. 1186.)

The foreclosure decree accords with the principles thus
far announced, and we find no error in the decree in so far
as it gives to the mechanics' liens priority over the mortgage.

[5]   Parol evidence was admissible to show that, though
the note and mortgage were made for a definite sum, six
thousand five hundred dollars, they were executed as part
of an oral agreement that the mortgagee should be obli-
gated to advance but sixteen hundred dollars, and that
any additional payments should be optional and not obli-
gatory.   The note and mortgage were by their terms the uni-
lateral obligations of the mortgagor, executed by him to the
mortgagee for a consideration.   The consideration for the
note and mortgage is that which the mortgagee did or agreed
to do.   As a general rule, the recitals of a written instrument
as to the consideration are not conclusive, and it is compe-
tent to inquire into the consideration and show by parol
what the real consideration was, provided the legal effect or
operation of the instrument is not thereby altered or de-
feated.   [6]   It is not necessary to the validity of a mort-
gage that it should truly set forth the nature and character
of the debt that it is intended to secure.   (*Shirras* v. *Craig,*
7 Cranch (U. S.), 34, [3 L. Ed. 260, see, also, Rose's U. S.
Notes].)   The evidence was not introduced to defeat or alter
the legal effect and operation of the mortgage, but to show
the times at which the mortgage lien attached.   Therefore,
on the issue of priority as between the holder of the mort-
gage and the mechanics' lien claimants, parol evidence as to
the true character of the consideration for the mortgage was
admissible, not to defeat the mortgage as a mortgage, but to
show when the mortgage lien attached.   For this purpose, it
is permissible to show by parol that a mortgage, which upon
its face appears to be for the payment of a specified sum
of money, was in fact given as security for future optional

48 Cal. App.—13

advances. Moreover, the note and mortgage being in the usual form and containing no indication of the purpose for which they were given, the parol evidence does not tend to vary their terms, but to show the whole agreement in which they originated and of which they constitute but a part. (*McKinster* v. *Babcock*, 26 N. Y. 381; *Shirras* v. *Craig, supra; Kaphan* v. *Ryan*, 16 S. C. 352; *McAteer* v. *McAteer*, 31 S. C. 313, [9 S. E. 966]; *Louisville Banking Co.* v. *Leonard*, 90 Ky. 106, [13 S. W. 521]; *Hall* v. *Tay*, 131 Mass. 192; *Wilkerson* v. *Tillman*, 66 Ala. 532; 1 Jones on Mortgages, sec. 384. See, also, *Vogan* v. *Caminetti*, 65 Cal. 438, [4 Pac. 435].)

[7] Appellant moved for a new trial in the court below. His motion was denied. In support of his motion he filed affidavits intended to show that there was no consideration for the trust deed that had been executed for the benefit of Lillian Young, and now held by the respondent Frank Wilson Young. The sole purpose of the affidavits was to show that the trust deed should not be given priority over appellant's mortgage. The bill of exceptions shows that on July 6, 1917, the attorneys for all the respondents acknowledged, in writing, service upon them of appellant's notice of intention to move for a new trial. The affidavits upon which appellant relied for a new trial were not served until August 7, 1917, nor filed until August 8, 1917, which, if the notice of intention was served on July 6, 1917, was too late. Where a motion for a new trial is to be made upon affidavits, the moving party must serve and file his affidavits not later than thirty days after serving his notice of intention. (Code Civ. Proc., sec. 659.) [8] There would, therefore, be no question as to the failure of appellant to serve his affidavits within the time provided by the code were it not that the bill of exceptions also states that, as shown by a certain affidavit of service, the notice of intention was served on the attorneys for one of the mechanics' lien claimants on July 9, 1917. But the mechanics' lien claimants are not interested in any issue of priority as between the mortgage and the trust deed. The affidavits upon which appellant relied pertained to an issue in which none of the respondents is interested, except Young, the holder of the trust deed. The record shows without doubt that the notice of intention was served on the attorneys for Young, the holder of the trust

deed, on July 6, 1917. The affidavits, therefore, were not served in time to entitle appellant to a new trial of any issue effecting the rights of Young, as the holder of the trust deed. For this reason the motion for a new trial was properly denied.

Though the foreclosure decree conforms with the views we have thus far expressed, we think that in the particular about to be noticed it is not justified by the findings, and that it should be modified to accord with what is said *infra.*

[9]   The facts disclosed by the findings show that the mortgage was entitled to priority over the trust deed to the extent of six thousand dollars—not merely five thousand dollars, as adjudged by the trial court. The trust deed, it will be remembered, expressly recites that it is subject to the mortgage of Richman for six thousand five hundred dollars. The trial court gave effect to this declaration of the trust deed by allowing to the mortgage priority over the trust deed to the amount actually advanced or loaned under the mortgage, namely, five thousand dollars, but held that the mortgage was subordinate to the trust deed as to so much of the mortgage as was not advanced—fifteen hundred dollars. Of this sum of fifteen hundred dollars, five hundred was voluntarily deducted by appellant from the face of the mortgage when he bought it, and the balance, one thousand dollars, represents the amount that Storch agreed should be allowed appellant as a profit or discount. That is, when Storch sold the mortgage to McClure, pursuant to the agreement that Storch theretofore had made with the mortgagee, Richman, it was agreed between Storch and McClure that if the latter would credit five hundred dollars on the mortgage, thus reducing it to six thousand dollars, Storch would sell it to him for five thousand dollars, thus allowing McClure a profit or discount of one thousand dollars. Therefore, when Storch, the mortgagor, sold the note and mortgage to McClure, he, in effect, agreed that, though the latter was to pay but five thousand dollars, nevertheless he should be entitled to foreclose the mortgage to the extent of six thousand dollars; in other words, that the mortgage should be a lien on the land to the extent of six thousand dollars. It is probable that it was only by allowing McClure this profit of one thousand dollars that Storch was able to secure the five thousand dollars. There was, there-

fore, ample consideration, as between Storch and McClure, to support a lien to secure the full amount agreed upon—six thousand dollars. When the beneficiary under the trust deed declared therein that that instrument should be subject to the mortgage, she declared, in effect, that it should be subject to what, apparently, was the amount secured thereby, six thousand five hundred dollars. If the trust deed had been recorded before the mortgage, and if the court had found that the beneficiary in the trust deed had agreed that that instrument should be subject to the mortgage if all the moneys to be advanced under the mortgage were used in the construction of the building, it would have been proper to adjudge that the mortgage was entitled to priority to the extent, and only to the extent, that the moneys furnished by the holder of the mortgage were used in the construction of the building, which could not exceed the five thousand dollars actually paid. (*Joralmon* v. *McPhee,* 31 Colo. 26, [71 Pac. 419].) But there was no such understanding. By accepting the trust deed with the clause that it is subject to the mortgage, the beneficiary under the trust deed agreed that it should be subject to the mortgage to the extent of any indebtedness that might be owing by the mortgagor on the note and mortgage, not exceeding the face of the note, which indebtedness was, as we have seen, the amount agreed upon by the mortgagor and McClure when the latter bought the mortgage, namely, six thousand dollars. Under the circumstances of this case we think that the holder of the trust deed took that instrument subject to the right of the holder of the mortgage to enforce it to the extent that it is enforceable against the mortgagor. Without doubt, a junior encumbrancer may always allege and show that the claim of a prior mortgagee is exaggerated. But here the claim of the holder of the mortgage that six thousand dollars is the amount secured thereby is not exaggerated. That is the amount that the mortgagor, for a valuable consideration, agreed should be paid to the purchaser of the note and mortgage if he should purchase and pay five thousand dollars therefor. There are circumstances under which it is proper for the holder of a mortgage to enforce it to the full extent of the amount named therein, though but a part thereof has been paid. (*Freeman* v. *Auld,* 44 N. Y. 50. See, also, *Crawford* v. *Edwards,* 33 Mich. 355.) In *Freeman* v. *Auld,*

*supra,* it was held that, as against the grantee of a lot who purchased subject to a prior mortgage, an assignee of the mortgage can enforce the mortgage to the full extent expressed therein, although he purchased the mortgage with knowledge that but one-half of that sum had actually been loaned thereon, and he himself had paid the mortgagee only that amount as consideration for the assignment. It is possible that there are material points of dissimilarity between that case and this. We only cite it to show that there are cases where it is proper to give priority to a mortgage for the full amount named therein though less than that amount has actually been loaned by the mortgagee or his assignee. And we think that this is just such a case, except that here the assignee of the mortgagee is entitled to priority over the trust deed only to the extent that he agreed to take the mortgage as security, namely, six thousand dollars.

[10]   Though subject to the mortgage lien to the extent of six thousand dollars, we do not think the trust deed is subject both to the mechanics' liens and the mortgage, thus making it subordinate to liens that, in the aggregate, exceed six thousand dollars. Though recorded after the mortgage was recorded, and though it recites that it is subject to the mortgage, the trust deed was recorded before any work was done or materials were commenced to be furnished. In the ordinary course of things, therefore, the trust deed would be prior to any of the mechanics' liens. But the mortgage, which the trust deed says it is subject to, declares that the mortgagee may pay all liens or encumbrances that are prior to the mortgage, and that it is given to secure all sums that may be paid by the mortgagee to satisfy any prior liens. Because of these provisions in the mortgage it is suggested by the mechanics' lien claimants that the trust deed, which is declared to be subject to the mortgage, must also be subject to the mechanics' liens to which the mortgage is subject. We think, however, that this argument gives to the clause in the trust deed declaring that it is subject to the mortgage a meaning never intended by the trustee or by the beneficiary named in the trust deed. It may be conceded, for the purpose of this decision, that by reason of these provisions in the mortgage and the trust deed the latter is subordinate to all liens that are prior to the mortgage and which were

within the contemplation of the parties as possible prior liens when the trust deed was executed. But we do not think that the mechanics' liens are within that category. Neither the trustee nor the beneficiary under the trust deed could have anticipated, when it was agreed that the trust deed should be subject to the mortgage, that the latter would ever be subordinate to any mechanics' liens in any particular or to any extent whatever. The mortgage was recorded before any work was done or materials furnished; as was also the trust deed. The mortgage, upon its face, gives no inkling that the advancement of the whole mortgage indebtedness— six thousand five hundred dollars—was not obligatory upon the mortgagee. Neither the trustee nor the beneficiary under the trust deed knew aught of the oral agreement between Storch and Richman, or between Storch and McClure. So far as the trustee and the beneficiary are concerned, the agreement that the trust deed should be subordinate to the mortgage was not made in contemplation of the mortgagor's oral agreement with his mortgagee that all advancements that the latter might make over and above the initial payment of sixteen hundred dollars, should be optional only. If that oral agreement had not been made, the mortgage never would have been subordinate to any of the mechanics' liens, and, consequently, the trust deed would not be subordinate to any of them either. Our conclusion is that the security afforded by the trust deed should in nowise and to no extent be impaired by reason of the secret oral agreement between Storch and his mortgagee, whereby there was created a situation not contemplated by the trustee or the beneficiary under the trust deed when the latter instrument was executed.

For the foregoing reasons we conclude that the foreclosure decree should provide that the trust deed is subordinate to an amount equal, in the aggregate, to said sum of six thousand dollars, together with any unpaid and accrued interest on such sum of six thousand dollars, at the rate provided for in the mortgage, and a reasonable attorney's fee to be fixed by the trial court and based upon said sum of six thousand dollars and said interest thereon.

There are no other assignments of error that merit discussion.

The result of our conclusions is that the judgment is correct, except in the particular above mentioned. The facts appear with sufficient certainty in the findings to authorize the entry of a judgment modified to accord with these conclusions. There is, therefore, no necessity for remanding the case for another trial. The proper result can be reached by directing a modification of the judgment. This will necessitate a recasting of the entire judgment—a task that should devolve upon the court below, where the trial judge, if he please, may avail himself of the assistance of counsel for the respective parties in drafting the modified judgment.

It is adjudged that the cause be, and it is, remanded, with directions to the court below to modify the judgment in the particular indicated, and to re-enter the judgment as thus modified. And as so modified, the judgment will stand affirmed. Appellant will recover his costs of appeal against the respondents Frank Wilson Young and Title Guarantee & Trust Company.

Thomas, J., and Weller, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 16, 1920.