[L. A. No. 7365. In Bank.—April 11, 1925.]

W. P. FULLER COMPANY (a Corporation) et al., Respondents, v. JOHN Q. McCLURE, Defendant and Appellant; A. T. STORCH et al., Defendants and Respondents.

[1] PRIORITIES—PAYMENT—JUDGMENTS—CONSTRUCTION.—Where a decree of foreclosure fixed the amount of preferred claims of a mortgagee and mechanics' lien claimants which were to be paid before the holder of a deed of trust was to receive any sum accruing from the sale of the property or from its usufruct pending proceedings under the receivership of the property, and after making the decree and before foreclosure sale the court ordered a sum collected by the receiver to be paid to the mortgagee to apply upon the first advances made by the mortgagee, which advances formed a part of the preferred amount established by the decree, the payment of said sum to the mortgagee reduced the amount of the preferred claims *pro tanto*, and, where the moneys derived from the foreclosure sale were sufficient to pay the preferential claims as thus reduced, the court properly ordered a sum of money, collected by the receiver after the sale, to be paid to said holder of the deed of trust.

---

(1) 27 Cyc., p. 1771, n. 14.

APPEAL from an order of the Superior Court of Los Angeles County directing the payment of money. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles Robert McCarty for Appellant.

196 Cal.—1 (1)

Gibson, Dunn & Crutcher, Culver & Nourse and Richard J. O. Culver, for Respondent Mary C. Young.

RICHARDS, J.—This is an appeal from an order after final judgment whereby the trial court directed the treasurer of the county of Los Angeles to pay over to the respondent Mary C. Young the sum of $598.30, being the balance of a fund in the hands of said official and derived from the transactions attending the pending litigation. The facts of this somewhat complicated case leading up to the making of said order are undisputed and are these: One Lillian Young was the owner of certain unimproved property in the city of Los Angeles and she sold the same to one A. T. Storch, a contractor, who contemplated the erection of a building upon the property, taking as a portion of the purchase price the promissory note of said Storch for the sum of $2,500 secured by a trust deed upon the property to the Title Guarantee and Trust Company, of which she was the beneficiary, which recited that it was subsequent and subject to a first mortgage securing the sum of $6,500 and which was executed by said Storch to one Richman, a money lender, for the purpose of procuring funds for the erection of the building upon the property. Both the mortgage and the trust deed were recorded on May 9, 1916, and the work of construction was immediately begun. By the terms of Richman's mortgage he was to advance, and did advance, the sum of $1,600 and was to pay further sums at the mortgagee's option to the amount of said loan as the work proceeded. Certain mechanics and materialmen from time to time performed labor and furnished materials for which they became and continued to be lien claimants. The oral understanding between Storch and Richman at the time of the giving of said first mortgage was that Storch was to endeavor to find a purchaser of said note and mortgage and that Richman was to transfer the same to such purchaser thereof upon repayment to him of such sums as he had advanced in the meantime. About June 20, 1916, Storch found a purchaser for said note and mortgage in the person of one J. Q. McClure, who was willing to pay, and did then pay, the sum of $5,000 therefor, out of which the sum of $2,900 was paid to reimburse Richman for the sums to that extent he had theretofore advanced

to Storch. The agreement between Storch and McClure was that though the latter had paid and was to pay no more than $5,000 for said note and mortgage it should stand as an obligation of Storch to the extent of $6,000 and interest, the result of which understanding being that McClure would thus make a profit of $1,000 on the transaction. When McClure thus took the note and mortgage he did so with knowledge of the agreement between Storch and Richman as to the optional nature of all the advances to be made by Richman other than that of the first $1,600, and also of those advances which had thus been made. He had also actual notice that the work of construction had begun and was going on at the time of his purchase of said note and mortgage and that mechanics and materialmen were performing labor and furnishing materials at various times between the date of the first payment of $1,600, made by the original mortgagee, and the date when he had made his last advancement upon the mortgage loan. In the course of time W. P. Fuller Company, one of said lien claimants, commenced an action for the foreclosure of its mechanic's lien. Other lien claimants brought like actions in which Storch, McClure, and Title Guarantee and Trust Company were made defendants, and each of these, with the exception of Storch, appeared, setting up their respective claims and alleged piorities with respect to the premises subjected to such liens. The several causes were consolidated and tried as one action, and as such were decided by the trial court and a general decree of foreclosure entered, wherein the trial court undertook to set forth and determine the respective rights and priorities of all of the parties. The defendant and cross-complainant McClure appealed from such decree of foreclosure and by his said appeal presented as the sole question for determination by the appellate tribunal that of priority and the extent of such priority as between himself as the transferee and holder of the Richman mortgage, Mary C. Young, as the successor of Lillian Young, the beneficiary of the trust deed, and the several mechanics' lien claimants. That appeal was decided by the district court of appeal on June 15, 1920. (*W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185 [191 Pac. 1027].) The appellate court, after reviewing quite exhaustively the facts of the case, concluded that the foreclosure decree of the trial court should be modified so as to adjudge that the

trust deed is subordinate to the mortgage to an amount equal in the aggregate to the sum of $6,000, together with unpaid and accrued interest thereon at the rate provided for in the mortgage, and a reasonable attorney's fee, to be fixed by the trial court. In all other respects the judgment of the trial court was upheld. The trial court was accordingly ordered to modify the judgment in the above particular and that as so modified the judgment should stand affirmed. This decision becoming final the trial court proceeded to recast its former decree in accordance therewith, and, having done so, entered its thus modified decree of foreclosure. Shortly after the inception of the action a receiver had been appointed to collect the rents and profits of the property, and such receiver having rendered a current account, the trial court after the entry of its modified decree of foreclosure, but before the foreclosure sale thereunder, settled such account of the receiver; and finding in his hands the sum of $1,941.28, made an order directing the receiver to pay that amount to the transferee of the mortgage, McClure, to be applied *pro tanto* on the first amount coming to him under the decree, the sum of $2,275.64. This credit was received by McClure, who thereafter procured a sale of the property by the sheriff without notifying him of the receipt of such credit, but giving him instructions to apply the proceeds of the sale in accordance with the terms of the decree. The property sold for $7,951.70 net and in distributing this fund in accordance with the decree the sheriff, after paying the mechanics' lien claimants in the order and to the extent of their respective preferences as fully set forth in the modified decree, paid to McClure the balance thereof which, taken with the sum already paid him by the receiver, considerably overpaid the amount he was entitled preferentially to receive under the terms of the modified decree. By this distribution the lien claimants were paid in full all that they were respectively entitled to under said decree to be paid prior to any payment to be made upon the indebtedness due Young as secured by said deed of trust. Pending the foreclosure sale the receiver collected other sums on account of the rents, issues, and profits of the property, and upon an accounting for the same the trial court found that he had in his hands the sum of $598.30 net, which the court ordered paid over to the clerk of the court pending the further order of

the court as to the disposition of the additional fund. The clerk deposited the same with the treasurer. Thereafter Mary C. Young moved the court on notice to have this sum paid over to her to be applied upon the amount found to be due on account of the indebtedness secured by her said trust deed, upon the ground that the amounts which were found to be due upon the mortgage and the mechanics' and materialmen's liens and which had been given priority over her deed of trust had been fully paid. The court granted this motion and from its order in so doing this appeal was taken by McClure.

[1] The appellant herein contends that whereas by the original decree of foreclosure he and the lien claimants were given priority over the beneficiary of the trust deed to the extent of $5,000, the amount which McClure had paid for the said mortgage; and whereas the appellate court had modified said decree to the extent only of holding that McClure and the said lien claimants were entitled to precedence over the lien of said trust deed to the extent of $6,000; and whereas the trial court upon the going down of that decision had modified its said original decree accordingly and in recasting its said decree so to do had determined that said amounts by the accretion of interest and costs had been increased to the aggregate sum of $8,617.37, which said McClure and said lien claimants were entitled by said modified decree to receive and be paid out of the amount received from said property upon the foreclosure sale thereof before the beneficiary of the trust deed was to become entitled to receive anything on account thereof or of the lien secured thereby; and whereas the said property had only sold for the sum of $7,951.70 net, which, when applied to the payment in their specified order as declared in said foreclosure decree, would pay said lien claimants to the extent of the amount of their claims for which they were entitled to preference over both McClure and the beneficiary under the trust deed, but would, after doing so, leave a sum in excess of $600 still due to McClure under the terms of said decree, he was entitled to have the further sum collected by the receiver and deposited with the treasurer applied to the said balance of his mortgage debt then remaining unpaid. The respondent made in the trial court and here makes the contention

that the modified decree of the trial court exactly conformed
with the direction of the appellate court upon the former
appeal as to the amount, calculated up to the date of said
decree, which should be paid to McClure and the lien claim-
ants before the beneficiary under the trust deed would be
entitled to be paid anything whether derived from the sale
of the property under said decree or collected by the receiver
from the rents and issues of the property pending or suc-
ceeding such foreclosure sale; that when the trial court after
making its said modified decree and ordering said sale there-
under, received and settled the first account of said receiver
and finding the sum of $1,941.28 net in his hands ordered said
sum paid over to McClure, such order and the compliance
therewith by the receiver automatically reduced the amount
which he and the lienholders were entitled to be paid upon
their preferred claims as fixed by said modified decree from
the sum of $8,617.37 to $6,676.09, or at least to the latter
sum augmented by the accruing interest thereon amounting
approximately to $275, thus leaving the total amount which
these preferred creditors were entitled to have distributed
among them from the proceeds of the foreclosure sale, ap-
proximately $7,000; and that since the total sum received as
the result of such sale amounted to the net sum of $7,951.70,
which sum was wholly paid over to said McClure and the
lien claimants to the exclusion of the trust deed creditor,
the former were thus fully paid all that they were preferen-
tially entitled to according to the provisions of the said
modified decree, and that in consequence thereof when the
additional sum of $598.30 came into the hands of the court
through the subsequent receipts and accounts of the receiver
the respondent was entitled to have such sum and the whole
thereof paid over to her. We are satisfied that the respond-
ent is correct in her foregoing contention and that the trial
court was not in error in adopting the same and in making
the order appealed from accordingly. By its original de-
cision the trial court established a certain fund out of which
the advances made upon the appellant's mortgage and the
preferred amounts of certain mechanics' lien claims were
to be paid before the beneficiary under the trust deed was
entitled to receive any sum accruing from the sale of said
property or from its usufruct pending proceedings under the

receivership. The appellate court upon the first appeal directed the amount thus established as such fund to be increased to the extent of $1,000, but otherwise confirmed the findings and decree of the trial court. The lien claimants were entitled to the preferences which they were given by these two decrees over the lien of the trust deed only because of the fact and finding that the first mortgage was to be preferred over the beneficiary of the trust deed to the extent directed by the first decision of the appellate court and provided for in the modified decree, and that as such mechanics' lien claimants they were entitled to certain preferences over the first mortgagee and which were to be taken care of out of the fund which the trial court had fixed as the gross sum which had priority to the deed of trust. Whatever payments were to be applied upon this gross preference as thus established, whether derived from the sale of the premises or from the usufruct thereof under · the receivership must be held to have reduced that gross sum accordingly and have brought the beneficiary of the trust deed to the extent thereof nearer to the point where there would be no priorities to the lien of her deed of trust. In ordering the receiver to turn over the sum of $1,941.28 accounted for by him to McClure the court expressly directed that said payment be applied upon the first advances made by the original mortgagee, viz., the sum of $2,275.64, which formed a part of the preferred fund established by the modified decree. When that sum was thus diminished by the making of such payment the gross amount of the mortgagee's preferred claim was *ipso facto* reduced to an amount which was fully taken care of by the sum received upon the foreclosure sale. This being so, the respondent became entitled to whatever further sums were thereafter collected by the receiver and paid into court. A suggestion is made in the briefs of counsel that in a suit brought by Mary C. Young against McClure to recover the amount of the overpayment received by him as a result of the payment from the receiver and of his receipts from the proceeds of the foreclosure sale the respondent had recovered a judgment for $774.90, which judgment had become final. It is· sufficient to say that no such matter was before the trial court at the time it made the order herein appealed from and hence that no such

matter is before this court in its determination as to the correctness of said order.

The order is affirmed.

Waste, J., Seawell, J., Lawlor, J., Lennon, J., and Myers, C. J., concurred.

Shenk, J., deemed himself disqualified, and did not participate in the foregoing decision.