[Civ. No. 22636.   First Dist., Div. Two.   May 25, 1966.]

FREDERICK H. TURNER et al., Plaintiffs and Appellants, v. LYTTON SAVINGS AND LOAN ASSOCIATION et al., Defendants and Respondents.

Miroyan, Moore, Krickeberg & Pitagora, Miroyan, Moore, Penrose & Krickeberg and Roy W. Krickeberg for Plaintiffs and Appellants.

Lakin, Spears & Gillixson and Egerton D. Lakin for Defendants and Respondents.

AGEE, J. — In this declaratory relief action plaintiffs appeal from a judgment holding that their second deed of trust is junior to the *entire* amount of defendant Lytton's first deed of trust. The judgment was rendered upon completion by plaintiffs of their case in chief. (Code Civ. Proc., § 631.8.) The facts follow.

Plaintiffs sold an unimproved parcel of real property to defendants Caton and wife, doing business as F. & R. Builders, for $12,000, taking back said defendants' note and second deed of trust thereon for $8,000 as part payment of the purchase price.

The Catons then obtained a construction loan of $39,000 from defendant Lytton Savings and Loan Association for the purpose of constructing a dwelling house on said real property. This loan was secured by a first deed of trust thereon, executed by the Catons as trustors and naming Lytton as beneficiary.

All parties consented that Lytton's deed of trust was to be a first lien upon the property and plaintiffs' deed of trust was to be a second lien thereon. These instruments were recorded in that order on February 4, 1963. Construction work commenced thereafter.

The disbursement of the Lytton loan was governed by the terms of a lending agreement executed between Lytton and the Catons. Progress payments were to be made from the $39,000 loan fund in accordance therewith. If at any time the work did not progress in a satisfactory manner or if at any time the Catons breached any of the other conditions contained in such lending agreement, Lytton had the right to declare a default under its deed of trust and to discontinue further payments from said loan fund.

Lytton executed such a declaration of default on March 18, 1963, and caused it to be recorded on March 27, 1963. At that time there remained some $27,919 in the loan fund.

However, Lytton thereafter withdrew said default declaration and resumed payments from the loan fund until the full amount thereof was exhausted. It made no further advances.

The building not having been completed, Lytton recorded a new notice of default on September 30, 1963.

Plaintiffs' sole contention on appeal is that, because Lytton was not *legally obligated* to make any further advances from the loan fund *after* the Catons had defaulted the first time, the first deed of trust thereby lost its priority over the second deed of trust *to the extent* of such further advances.

While the cases relied upon by plaintiffs involve the priority of liens as between deeds of trust or mortgages and mechanics' lien claims, the principle of those cases should be equally applicable to the lien priority as between a first deed of trust and a second deed of trust.

Prior to 1957 it would appear to be the rule in California that, if a lender with actual knowledge of a junior lien makes advances under a senior lien which he could not be *compelled* to make, such advances are *optional* and therefore subordinate to the junior lien. (*Community Lbr. Co.* v. *California Pub. Co.* (1932) 215 Cal. 274 [10 P.2d 60]; *Yost-Linn Lbr. Co.* v. *Williams,* 121 Cal.App. 571 [9 P.2d 324]; *W. P. Fuller & Co* v. *McClure* (1920) 48 Cal.App. 185 [191 P. 1027].)

However, in 1957 the Legislature added to section 1188.1 of the Code of Civil Procedure a paragraph[1] which, under the instant circumstances, extends to other advances the same priority given by the courts to obligatory advances.

Under this statute, in order to enjoy such priority, these "other" advances must be used (1) in payment of any mechanics' liens recorded *at the time* of the advances and (2) *thereafter* in payment of the costs of improvements on the property. (The record herein does not disclose, and plaintiffs do not assert, the existence of any mechanics' liens.)

Although plaintiffs alleged in their complaint that

---

[1]The entire addition is as follows: "A mortgage or deed of trust which would be prior to any of the liens provided for in this chapter to the extent of obligatory advances made thereunder in accordance with the commitment of the lender shall also be prior to the liens provided for in this chapter as to any other advances, secured by such mortgage or deed of trust, which are used in payment of any claim of lien as provided for in this chapter, if any, which is recorded at the date or dates of such other advances and thereafter in the payment of all or any part of the costs of any work of improvement on the property which is subject to such mortgage or deed of trust; provided, that the priority of such mortgage or deed of trust shall not exceed in total for both obligatory advances made in accordance with the commitment of the lender, and other advances the amount of the original obligatory commitment of the lender as shown in said mortgage or deed of trust."

"the funds of said loan were knowingly and deliberately disbursed by Lytton Savings for other than construction purposes," they make no such claim on appeal.

The trial court expressly found as follows: "That all of said sum of $39,000.00 was disbursed by said defendants Lytton Savings to Defendants Frederick W. Caton and Ruth Caton for the construction of said dwelling house, under the terms of said loan agreement." Plaintiffs make no contention that this finding is not supported by substantial evidence.

We have concluded that the disbursements made by Lytton from the loan fund after the first declaration of default are entitled to the same priority under its deed of trust as that enjoyed by the disbursements made before such declaration.

In reaching this conclusion we are aided by the legislative background relating to the 1957 addition to section 1188.1. (See Report of Senate Interim Judiciary Committee, pp. 260-263, Vol. 1 of Appendix to Journal of the Senate, California, Reg. Sess., 1957.)

As was stated therein by counsel for the Senate Committee on Judiciary: "The net effect of this bill would be to amend existing law to provide that where the deed of trust contains provision for optional advances and the said optional advances are in fact made and money received therefrom is used for payment of services or material which go into a construction project, then the priority of the deed of trust for all moneys advanced thereunder including optional advances will be as of the date the deed of trust is recorded which means, in normal situations, prior to mechanics' liens." (*Id.* at p. 262.)

We think it clear that the Legislature intended to change the existing case law with respect to the priority of optional advances used, as in the instant case, for "the payment of all or any part of the costs of any work of improvement on the property which is subject to such mortgage or deed of trust." (Code Civ. Proc., § 1188.1.)

In view of this conclusion it becomes unnecessary for us to discuss any of the issues raised by respondents.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.